STATE OF NEBRASKA, APPELLEE, v. JOHN GEORGE YOUNG, APPELLANT.

161 N. W. 2d 503

Filed October 4, 1968. No. 36913.

Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was convicted of the crime of burglary and sentenced to a term of 1 to 3 years in the Ne-

braska Penal and Correctional Complex. The defendant has appealed.

The only assignment of error is the contention that the trial court erred in not sustaining defendant's motions for a mistrial during the trial and at the close of the evidence.

The record discloses that the alleged burglary was committed on the late evening of September 23, 1967. A police officer sought to interrogate the defendant during the early morning of September 24, 1967. The officer sought to advise the defendant of his constitutional rights as required by Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. Defendant stated that he desired an attorney and the officer discontinued the interrogation. Later the same morning another officer interrogated the defendant and obtained a confession. It was the contention of defendant that the Miranda warnings were given and an attorney again demanded but, on the basis of promises of leniency, a confession was made. The officer denied that any such promises were made.

On the trial, the second officer was called as a witness and testified to the giving of the Miranda warnings without objection. At the first question bearing on the confession, defendant's counsel moved for a hearing outside the presence of the jury which was granted. At the hearing outside the presence of the jury, the trial court suppressed the confession for reasons that are not shown or material here. The defendant then moved for a mistrial on the ground that the Miranda warnings under such circumstances were prejudicial to the right of the defendant in that they left an inference of guilt with the jury.

It is not questioned here that defendant did give a confession to the officer. The prosecution laid a foundation for the statement by having the police officer testify to the giving of the Miranda warnings to the defendant. The laying of a foundation for the admission of a con-

fession in this manner is recognized procedure and, in the absence of bad faith, creates no prejudice to the defendant. If defendant felt otherwise, he could with propriety request the court to strike the evidence or for an instruction that the foundational questions were not to be considered in determining the guilt or innocence of the defendant.

Defendant relies on our holding in State v. Whited, 182 Neb. 282, 154 N. W. 2d 508. In that case no confession or admission was ever obtained. The prosecutor did, however, have a witness testify to the giving of the Miranda warnings without objection when both counsel knew that no confession or admission was obtained. It was the holding of this court that the Miranda warnings under such circumstances were not material and should be excluded or stricken from the evidence if proper objection is made thereto. That case further held that, under some circumstances, such evidence may be prejudicial to the defendant by developing an inference of guilt by the silence of the defendant. But such a situation does not exist in the present case. Here the prosecution was attempting to lay a foundation in accordance with the accepted method of procedure for the admission of a confession that had been made. While the defendant could have moved to strike the foundational evidence after the confession was suppressed, which was not done, there is no basis for the granting of a mistrial. The State cannot be forced into a dilemma where it must either establish a proper foundation or be faced with a mistrial. The case of State v. Whited, *supra,* does not support the contentions of the defendant in this case.

We find no error in the record and the judgment of the district court is affirmed.

AFFIRMED.