JET HARDESTY V. STATE OF NEBRASKA.

FILED APRIL 17, 1914. No. 18,312.

1. **Criminal Law:** MISCONDUCT OF PROSECUTOR. On the trial of accused under a criminal charge, misconduct of the county attorney in stating to the jury that "defendant had an opportunity to go upon the witness-stand himself and deny this charge, but he didn't do it," does not require a reversal of his conviction on a record showing that no other error was committed; that the trial court disapproved the misconduct by sustaining an objection to the improper remark; that the county attorney thereupon stated he should not have made it; and that accused was not prejudiced thereby.

2. ———: REFUSAL OF SPECIAL INSTRUCTION: CONFESSION. In a criminal prosecution, it is not error to refuse a special instruction on the law relating to a confession by defendant, where the record shows that it was properly admitted on evidence showing without contradiction that it was voluntarily made; that it was consistent with the state's proofs; and that a general instruction relating to the credibility of witnesses and to the weight of evidence fairly stated the law and fully protected the rights of defendant.

3. ————: RECALLING JURY: DISCRETION OF COURT. "The recalling of juries for instructions is so far within the discretion of the trial court as not of itself to present a subject for review." *McClary v. Stull,* 44 Neb. 175.

ERROR to the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*M. H. Leamy,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROSE, J.

In the district court for Pierce county, Jet Hardesty, defendant, was convicted of statutory rape upon a child under 15 years of age, and for that offense was sentenced to serve a term of three years in the penitentiary. As plaintiff in error, defendant now presents for review the record of his conviction.

The first assignment of error is directed to the misconduct of the county attorney in making the following statement to the jury in the course of his argument: "The defendant had an opportunity to go upon the witness-stand himself and deny this charge, but he didn't do it." This statement, though true, was improper, and the county attorney in making it disregarded a provision of statute. Criminal code, sec. 473. The question is: Should the judgment be reversed for the error mentioned? The conduct of the county attorney was disapproved at the time by the sustaining of an objection to his remark, and thereupon he immediately said, in presence of the jury, "that he should not have made such statement." The trial court instructed the jury that their verdict should be based on the evidence under the instructions of the court, and that their finding should be the result of their soundest and best judgment upon the evidence. Without disregarding the charge to base the verdict on the evidence under the instructions, the jury could not have allowed themselves to be influenced by the retracted statement of the county attorney. While the truth of the accusation against defend-

ant was a question for the jury, the reviewing court can affirmatively say that his guilt was established by evidence so clear and conclusive that he could not have been harmed by the county attorney's misconduct. It was not necessary for the state to prove force on the part of defendant or nonconsent on the part of prosecutrix. That she was under the age of consent, that he was old enough to commit the felony, and that the forbidden act was consummated are facts clearly and conclusively established by the evidence. In overruling the motion for a new trial, the trial judge, who saw and heard what took place, held, when the motion for a new trial was overruled, that defendant was not prejudiced by the improper remark of the county attorney. Under such circumstances the reviewing court is not compelled to hold that there was a mistrial or that the error requires a reversal of the conviction. What is here said is not to be understood as indicating a purpose to depart from the line of decisions upholding the spirit and purpose of the statute. It is apparent that defendant was not prejudiced by the misconduct of which he complains. For the harmless error assigned, the conviction will not be set aside.

The next assignment of error challenges the rejection of a requested special instruction on the law applicable to proof of a confession by defendant that he had committed the offense charged. The confession was properly admitted in evidence. Proof that it was voluntarily made is uncontradicted. It was consistent with direct evidence adduced by the state. A general instruction relating to the credibility of witnesses and to the weight of evidence fairly stated the law and fully protected the rights of defendant. The assignment of error is therefore overruled.

The final assignment of error relates to the recalling of the jury after they had been deliberating some time and the giving of an additional instruction. In *McClary v. Stull*, 44 Neb. 175, the following rule was announced: "The recalling of juries for instructions is so far within the discretion of the trial court as not of itself to present a subject for review."

The additional instruction is a correct statement of the law applicable to the evidence, and there was no error in giving it under the circumstances disclosed by the record.

AFFIRMED.

FAWCETT, J., not sitting.