JACOB BRUNTZ v. STATE OF NEBRASKA.
290 N. W. 420

FILED FEBRUARY 16, 1940. No. 30683.

*Howarth N. Olsen,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and CHAPPELL and KROGER, District Judges.

JOHNSEN, J.

Jacob Bruntz was convicted of assault with intent to commit robbery and brings error.

The principal question arises out of the county attorney's comment upon defendant's failure to testify. In his argument to the jury he said: "The defendant does not get on the stand to tell you about this case." The trial court immediately admonished the county attorney and instructed the jury to disregard his remark.

Section 29-2011, Comp. St. 1929, provides that the refusal or neglect of an accused to testify shall not create any presumption against him, "nor shall any reference be made to, nor any comment upon, such neglect or refusal."

An annotation in 84 A. L. R. 795, sets out the decisions generally and summarizes them as follows: "The weight of authority seems to be that comments of the prosecuting attorney on the failure of the defendant to testify in a criminal case, though highly improper, may under some circumstances work no injury, where the trial judge promptly intervenes, excluding the comments and admonishing the jury to disregard them. In other words, comments of that kind stand on very much the same footing as other improper arguments, and whether they call for a reversal or not depends on whether, after a full consideration of all the circumstances, including the action of the trial judge at the time they were made, the appellate court is of opinion that no prejudice resulted."

In 17 C. J. 302, it is said: "It has been held that a conviction will not be reversed for references to defendant's failure to testify where defendant's guilt was conclusively shown."

In *Hardesty v. State*, 95 Neb. 839, 146 N. W. 1007, we held: "On the trial of accused under a criminal charge, misconduct of the county attorney in stating to the jury that 'defendant had an opportunity to go upon the witness-stand himself and deny this charge, but he didn't do it,' does not require a reversal of his conviction on a record showing that no other error was committed; that the trial court disapproved the misconduct by sustaining an objection to the improper remark; that the county attorney thereupon stated he should not have made it; and that accused was not prejudiced thereby."

The opinion states: "While the truth of the accusation against defendant was a question for the jury, the reviewing court can affirmatively say that his guilt was established by evidence so clear and conclusive that he could not have been harmed by the county attorney's misconduct. * * * What is here said is not to be understood as indicating a purpose to depart from the line of decisions upholding the spirit and purpose of the statute. It is apparent that defendant was not prejudiced by the misconduct of which he complains. For the harmless error assigned, the conviction will not be set aside."

It is not our purpose, however, to encourage violations of the statute, nor have we the right to speculate in any case on whether prejudice has resulted from the comment. The only possible aim of such a remark is to thwart the statute. If we treat violations indulgently, we shall soon—in the words of Pope—"first endure, then pity, then embrace." We will apply the rule recognized in *Hardesty v. State, supra,* where the evidence of guilt is so conclusive that all will agree that no other factor could possibly have influenced the result, and not otherwise.

The judgment is reversed and the cause remanded to the district court for a new trial. The other contentions raised by defendant are without merit and do not require discussion.

REVERSED.