STATE OF NEBRASKA EX REL. CITY OF ST. PAUL, APPELLEE,
v. GLEN G. RUTTEN, APPELLANT.

130 N. W. 2d 558

Filed October 9, 1964. No. 35699.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

Defendant, convicted of driving an automobile on December 8, 1962, while intoxicated, appeals. Error is

(633)

assigned in the admission of testimony and in the taxation of costs.

There were two State witnesses testifying as to intoxication. One witness was a police officer of the City of St. Paul who arrested the defendant and observed him driving for about 2 miles on a public highway south of St. Paul on the evening of December 8, 1962. No question appears as to the competency of the officer's testimony.

The other witness, Mrs. Leonard Nesiba, was a cafe and tavern operator in St. Paul, Nebraska. She was acquainted with the defendant and testified that he had been in and out of their cafe several times. She was permitted to testify, over objection, that the defendant "was intoxicated when he was in our cafe that evening." As to the time and date when she made these observations and formed her opinion as to intoxication, she testified as follows:

"Q. Do you recall seeing the defendant at any time in your cafe on December 8, 1962?

"A. I don't know the exact date. It's been a long time ago. I remember it being last fall, yes, or last winter."

The admission of this witness' opinion testimony on intoxication, over objection, was prejudicial error. The relevant time in question was the evening of December 8, 1962. Foundation testimony must be provided as to actual knowledge and sufficient observation of a defendant at or about the time in question. Pierce v. State, 173 Neb. 319, 113 N. W. 2d 333; Pribyl v. State, 165 Neb. 691, 87 N. W. 2d 201; 23 C. J. S., Criminal Law, § 866, p. 412.

Actual observations by a lay witness are an essential basis of his opinion on intoxication. These observations must be made within a time period reasonably related to the time it is charged that the defendant was intoxicated. During the fall or winter, when the witness saw the defendant several times, is insufficient to

show knowledge of intoxication in the time period at issue on the evening of December 8, 1962. The State does not deny the error in admission of this evidence but argues that it was not prejudicial. No cases are cited holding to this effect in a situation similar to this case. The quantum of proof in a criminal case requires the jury to find guilt beyond a reasonable doubt. It is true that the police officer's testimony alone was sufficient to support a conviction. But we are left to pure speculation as to what portion of the whole testimony carried the burden of proof beyond a reasonable doubt. The indicted testimony was not cumulative of other independent lay witnesses' testimony. In this situation this court cannot speculate on whether prejudice resulted when it is clear one of the defendant's rights was violated. See Pierce v. State, *supra;* Bruntz v. State, 137 Neb. 565, 290 N. W. 420.

The court taxed, as part of the costs in this case, the jury costs, including meals, mileage, and compensation for the services of the entire panel. This was error. State v. Jungclaus, 176 Neb. 641, 126 N. W. 2d 858.

The judgment of conviction is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.