STATE OF NEBRASKA, APPELLEE, V. ROGER SIMONS, APPELLANT.

193 N. W. 2d 756

Filed January 28, 1972. No. 38153.

Gerald Buechler and Joseph D. Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

A jury found the defendant, Roger Simons, guilty of grand larceny. On appeal, the defendant asserts that the evidence is insufficient to support the judgment, and that there was no evidence of a lack of consent to the taking.

On the evening of April 5, 1971, the complaining witness, Cathy Bockman, accompanied a friend of hers, Sharon Michalski and one Dianna Lechleitner to an apartment occupied by the defendant, Roger Simons. The defendant and a man identified as Dick Price were in the apartment. When the complaining witness entered the defendant's apartment, she placed her purse which contained $150 in currency on the stove. Both of the other women knew the money was in the purse. At approximately 9:30 p.m., Cathy and Sharon left the apartment to pick up Cathy's husband but the purse was left on the stove. When they returned some time later, the three people were gone and the purse was gone. They found the purse across the hall in Sharon's apartment but the $150 was gone. Cathy Bockman, the complaining witness, then called the police. Charges were filed against the defendant Roger Simons and Dianna Lechleitner. A warrant was also issued for Dick Price but he was not found.

At the defendant's trial, Dianna Lechleitner testified that she saw the defendant and Dick Price take the money and they gave her $40 to "keep her mouth shut." She later turned the $40 over to the police and made a statement. The defendant's testimony was that Dianna Lechleitner and Dick Price had taken the money and that Price had given him $20 of it to apply on the rent.

The defendant's position apparently is that the testimony of an accomplice is insufficient as a matter of law to support a guilty verdict, and that there was no express testimony that the complaining witness did not consent to the taking.

The testimony of an accomplice is clearly sufficient where, together with all the testimony and circumstances, it satisfies the jury beyond a reasonable doubt of the guilt of the accused. See Leistritz v. State, 165 Neb. 220, 85 N. W. 2d 318.

In a prosecution for larceny in Nebraska a lack of

consent need not be shown in express terms but may be inferred from circumstances appearing in evidence. State v. Nelson, 182 Neb. 31, 152 N. W. 2d 10.

In determining the sufficiency of the evidence to sustain the conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, or weigh the evidence. State v. Cannon, 185 Neb. 149, 174 N. W. 2d 181. While the evidence here was in conflict, it was clearly sufficient to go to the jury.

The judgment of the district court was correct and is affirmed.

AFFIRMED.