STATE OF NEBRASKA, APPELLEE, v. SIE BROOKS, APPELLANT.
204 N. W. 2d 86

Filed February 2, 1973. No. 38625.

J. William Gallup of Schrempp & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for unlawful possession of heroin. The assignments of error relate to the ruling on a motion to suppress and misconduct of the prosecuting attorney.

On August 12, 1971, two police officers entered a residence at 1209 North 34th Street in Omaha, Nebraska. The warrant which they held to search the premises at that address did not authorize them to enter the premises without giving notice of their authority and purpose. See § 29-411, R. S. Supp., 1972.

As the officers walked up to the door, they saw the screen door was closed but the door itself was open between 1 and 2 feet. The officers could see a man, later identified as James Horn, and a woman inside the house standing near the door. The woman was handing money to Horn who was holding five "pipes" or packets of aluminum foil. The officers concluded they were witnessing a sale of narcotics. They opened the screen door, entered the house, and arrested Horn.

After they had entered the house they proceeded to serve and execute the search warrant. The defendant was found in a bedroom on the second floor. An aluminum package containing heroin was lying on top of a dresser in the bedroom.

The defendant contends that since the officers entered the house without giving notice of their authority and purpose before entering, the search was illegal and his motion to suppress should have been sustained.

The house at 1209 North 34th Street had been under surveillance by the police. The officers had information there was drug traffic in this area; that the defendant rented the property; and that Horn was selling drugs for the defendant. These facts and circumstances, together with what the officers observed through the open door, were sufficient to justify the immediate arrest of Horn without a warrant. A peace officer may arrest a person without a warrant if he has reasonable cause to believe that a felony is being committed or has been committed. § 29-404.02, R. S. Supp., 1972. The exigent circumstances here were sufficient to justify the entry into the house to make the arrest without a prior disclosure of authority or purpose. See, People v. Maddox, 46 Cal. 2d 301, 294 P. 2d 6; Ker v. California, 374 U. S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726. Since their entry into the house was lawful, the officers could then proceed to serve and execute the search warrant.

The alleged misconduct of the prosecuting attorney occurred during the arguments to the jury. In his closing argument the prosecuting attorney made a statement to the effect that "he was personally convinced of the Defendant's guilt." The defendant's motion for a mistrial was overruled and the jury was admonished to disregard the statement.

It is improper and generally prejudicial for a prosecuting attorney in a criminal case to declare to the jury his personal belief in the guilt of the defendant unless the belief is expressed as a deduction from the evidence.

Wamsley v. State, 171 Neb. 197, 106 N. W. 2d 22. The record does not show that the belief expressed was not a deduction from the evidence, and the trial court indicated that he considered it to be the prosecuting attorney's "own interpretation of the evidence." The record does not show the failure to grant a mistrial was erroneous.

During his argument, defense counsel made a statement concerning something the defendant said when the police entered the bedroom. The prosecuting attorney objected to the statement saying: "* * * there is no evidence in the record about Mr. Brooks saying anything, because he did not take the stand." The defendant objected and moved for a mistrial which was overruled. The jury was directed to disregard the statement and, at the defendant's request, the jury was instructed to draw no conclusion or inference from the fact the defendant did not testify.

Section 29-2011, R. R. S. 1943, provides that no reference or comment should be made upon the defendant's failure to testify. Such a comment may be a violation of the federal constitutional rights of the accused. See Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106. The rule is one of long standing in this state and there is no justification for the failure of a prosecuting attorney to abide by it.

The comment in this case was made in connection with an objection and appears to have been inadvertent rather than a deliberate statement made as a part of the argument of the State. The evidence of guilt in this case is clear. We have stated that such a comment is not prejudicial where the evidence of guilt is conclusive. Bruntz v. State, 137 Neb. 565, 290 N. W. 420. Under the circumstances in this case we determine that the denial of a mistrial was within the discretion of the trial court.

The judgment of the district court is affirmed.

AFFIRMED.

McCown, J., dissenting.

The majority opinion is entirely correct in stating that there is no justification for the misconduct of the prosecuting attorney. The court holds that such conduct was not prejudicial because other evidence of guilt was "conclusive," resting that opinion upon Bruntz v. State, 137 Neb. 565, 290 N. W. 420. That case reversed a conviction because the county attorney, in argument to the jury, said: "The defendant does not get on the stand to tell you about this case." While this court recognized the rule that reversal was not required where the evidence of guilt was conclusive, it limited its acceptance of the rule to the situation "where the evidence of guilt is so conclusive that all will agree that no other factor could possibly have influenced the result, and not otherwise." This court reversed the conviction in Bruntz on the sole ground of the comment upon the defendant's refusal to testify. It said: "It is not our purpose, however, to encourage violations of the statute, nor have we the right to speculate in any case on whether prejudice has resulted from the comment. The only possible aim of such a remark is to thwart the statute."

The Bruntz case was some 25 years before Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106. In 1965, Griffin held: "(T)hat the Fifth Amendment, in its direct application to the federal government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Since Griffin, comments by the prosecution upon the defendant's failure to testify have been a violation of constitutional rights as well as a violation of the Nebraska statutes.

Section 29-2011, R. R. S. 1943, prohibiting "any comment made upon" the neglect or refusal of an accused to testify has been in effect at least since 1913. Even if

the violation here were limited solely to the comment on the failure to testify, that violation should not be treated indulgently upon the theory that it may have been inadvertent rather than deliberately planned. The effect on the defendant's rights is exactly the same whether the violation occurs deliberately or inadvertently. It is hard to believe that a statute which has been in effect in Nebraska for so long was inadvertently violated by any prosecuting attorney.

In addition to commenting upon the defendant's failure to testify, the prosecuting attorney, in closing argument, also made a statement that he was personally convinced of the defendant's guilt. A portion of Canon 15 of the former Canons of Professional Ethics of the American Bar Association provided: "It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause." Disciplinary Rule 7-106(C) (4) of the Code of Professional Responsibility, adopted by this court April 10, 1970, provides in part that: "In appearing in his professional capacity before a tribunal, a lawyer shall not: Assert his personal opinion * * * as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."

This court for many, many years has held that the expression of the personal opinion of the prosecutor in a criminal prosecution, not based on the evidence, in arguing the case to the jury is improper and should be condemned. See Wamsley v. State, 171 Neb. 197, 106 N. W. 2d 22. That case also held that even though an improper expression of personal opinion standing alone might not constitute prejudicial error sufficient to require a new trial, the cumulative effect of more than one irregularity might be sufficient to deprive the defendant of the constitutional right to a public trial by an impartial jury. This court quoted the following language with approval: "The doctrine of harmless error

does not apply where accused has been deprived of a substantial right, and it will not be extended to such an extent as to deprive accused of a fair trial, or a trial on the merits."

The majority opinion here, in referring to the statement of personal belief of the prosecutor in the guilt of the defendant, states: "The record does not show that the belief expressed was not a deduction from the evidence * * *." We might add, the record does not show that the belief expressed was a deduction from the evidence. The language of Disciplinary Rule 7-106(C) (4) does not permit an expression of personal opinion as to guilt or innocence of an accused under any circumstances, but only permits an argument on an analysis of the evidence for a position or conclusion of guilt or innocence.

There should be no compromise with ethical standards of proper trial conduct, much less the tacit acceptance of even an unintentional violation of the statutory and constitutional rights of a defendant accused of crime. In the words of this court in Bruntz v. State, *supra,* "If we treat violation indulgently, we shall soon —in the words of Pope—'first endure, then pity, then embrace.' "