STATE OF NEBRASKA, APPELLEE, v. KEITH ALLEN RUSS, APPELLANT.

214 N. W. 2d 924

Filed February 14, 1974. No. 39101.

Eugene D. O'Sullivan, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

BOSLAUGH, J.

The defendant was convicted of murder in the perpetration of a burglary and sentenced to life imprisonment. He contends the judgment should be reversed because the jury during its deliberation was allowed to be informed that the defendant was on parole at the time the offense was committed.

The evidence shows the defendant and Edward Jenkins broke into and entered the home of Edward Charles Johnson in Omaha, Nebraska, on January 29, 1973. After ransacking the house they decided to wait until Johnson returned so they could rob him. When Johnson entered the house, the defendant and Jenkins accosted Johnson. In the ensuing struggle the defendant stabbed Johnson in the chest with a kitchen knife, killing him. After taking Johnson's money, the defendant and Jenkins left the property.

On the following day the defendant returned to the Johnson home with Willie Nevels and took a blender from the property. Johnson's body was not discovered until January 31, 1973, when fellow workers went to his home.

Nevels gave a statement to the police on February 3, 1973. The defendant was then arrested and later confessed to his participation in the murder. The evidence was clearly sufficient to permit the jury to find the defendant guilty of felony murder.

In his confession the defendant stated he met Jenkins downtown on Monday and told him, "I had seen my parole officer, and told my parole officer, that I had found me a job." The confession had been recorded on a Dictaphone tape recorder and the recording was received in evidence. The recording was heard by the jury during

the trial but the jury was not allowed to hear the statement concerning the parole officer. The trial court explained to the jury that the part of the recording they were not allowed to hear had nothing to do with the case.

At the hearing on the motion for new trial it was stipulated that the jury had played the tape recording of the confession twice during its deliberations. Because the recording allowed the jury to learn that the defendant had been on parole, the defendant contends the judgment should be reversed.

The fact the defendant was on parole was not relevant and should not have been disclosed to the jury. It is unfortunate that by inadvertence the tape recorder was taken into the jury room and the jury was allowed to hear the tape in its entirety. However, this does not automatically entitle the defendant to a new trial.

Error in the admission of evidence is not grounds for reversal if no substantial miscarriage of justice occurred. State v. Schumacher, 184 Neb. 653, 171 N. W. 2d 181. The evidence of guilt in this case is conclusive. Under these circumstances we conclude no substantial miscarriage of justice occurred. See, State v. Brooks, 189 Neb. 592, 204 N. W. 2d 86; State v. Rice, 188 Neb. 728, 199 N. W. 2d 480.

The judgment of the District Court is affirmed.

AFFIRMED.