STATE OF NEBRASKA, APPELLEE, V. ALLEN MILLER,
APPELLANT.

231 N. W. 2d 140

Filed June 26, 1975. No. 39884.

Jeffrey L. Orr, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant was convicted on a charge of delivering or dispensing a controlled substance, namely, amphetamines. We affirm the judgment of the District Court.

Defendant challenges the sufficiency of the evidence to sustain the judgment and asserts error in the admission of evidence.

The evidence discloses that the defendant and Diane Matuschka, accompanying defendant in his automobile, drove up adjacent to an automobile occupied by Rick Houchin and Robert Atkinson. Houchin inquired of the occupants of defendant's automobile if they had any amphetamines. Diane went over to the Houchin automobile and asked if they wanted amphetamines. Atkinson said he did. Diane returned to the defendant's automobile and asked defendant if she should sell any speed to Houchin. She was informed "it was up to her" and

"If she did, it was her own neck." Diane returned and made a sale to Atkinson. This evidence is conceded. Diane testified that the amphetamines were not hers but came from the defendant's automobile and that she gave the defendant the money received from the sale. This testimony was denied by defendant.

The trial court gave the standard cautionary instruction in regard to the testimony of an accomplice. The evidence discloses a sale of amphetamines by the defendant's companion and if her evidence is believed, the amphetamines were in the defendant's possession and the sale made with his consent. He also received the proceeds. A jury question was presented. "In determining the sufficiency of the evidence to sustain the conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, or weigh the evidence." State v. Simons, 187 Neb. 761, 193 N. W. 2d 756.

The trial court admitted evidence of statements made between Houchin, Atkinson, and Diane Matuschka. These statements were not made in the presence of the defendant but dealt solely with the consummation of the sale and did not refer to the defendant in any respect. Since the defendant concedes that the sale was made, it is difficult to see how the evidence could have been prejudicial. "Error in the admission of evidence is not grounds for reversal if no substantial miscarriage of justice occurred." State v. Russ, 191 Neb. 300, 214 N. W. 2d 924.

The judgment of the District Court is affirmed.

AFFIRMED.