**Frank STRUDL, Special Administrator of the Estate of Rose Strudl, Deceased, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE CO., a corporation, Appellee.**

No. 75–1448.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1976.

Decided May 28, 1976.

---

Martin A. Cannon, Omaha, Neb., Matthews, Kelley, Cannon & Carpenter, Omaha, Neb., for appellant.

Robert D. Mullin, Omaha, Neb., Boland, Mullin & Walsh, Omaha, Neb., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal from a jury verdict for the defendant in a wrongful death action arising out of an auto-pedestrian collision alleges that the trial court[1] erred in refusing to grant a new trial. Trial court errors urged in this appeal include: (1) admission of impeachment evidence without laying proper foundation therefor; (2) admission of evidence concerning the existence of a pedestrian walk light on the far side of the intersection, some 30 or 40 feet to the north of where plaintiff's decedent attempted to cross the roadway; (3) submission to the jury of allegation of negligence on the part of decedent upon which there was no proof; and (4) jury instructions with reference to the duty of plaintiff's decedent to use a pedestrian crossing, crosswalk, or intersection. We affirm.

This tragic accident occurred just after dark on November 21, 1971, when plaintiff's decedent, Mrs. Strudl, was attempting to cross 120th Street, Omaha, Nebraska, a two-line curbless asphalt roadway at or near its intersection with Valley Street. 120th Street runs north and south, Valley Street east and west terminating at its intersection with 120th Street. At the time of the collision Mrs. Strudl, who had approached the intersection from the east along the south side of Valley Street, had nearly crossed 120th when she was struck by an automobile driven by John Nelson[2] traveling south in the lane for southbound traffic in the west half of 120th Street. Plaintiff in his complaint alleged that decedent as a pedestrian was in the paved portion of 120th Street near the west edge thereof when she was struck by Nelson's vehicle. Plaintiff charged Nelson with excessive speed, improper lookout, lack of control, and failure to yield the right of way to decedent as grounds of negligence which were a proximate cause of the collision and resultant injuries. Defendant denied Nelson was negligent and charged that the proximate cause of the accident was the negligence or concurring negligence on the part of decedent which was more than slight and sufficient in law to bar recovery. Additional evidence with respect to the accident will be discussed in connection with the errors alleged.

*Impeachment*

■ Appellant contends that the court erred in admitting testimony of Officer Teuscher offered by appellee which impeached the testimony of appellant's witness Robena Langdon without laying a proper foundation. Appellant argues that under Nebraska law

[b]efore a witness, not a party to the suit, can be impeached by proof that he has made statements contradicting or differing from the testimony given by him upon the stand, a foundation must be laid by interrogating the witness himself as to whether he has ever made such statements.

*Pierce v. State,* 173 Neb. 319, 113 N.W.2d 333, 340 (1962), *quoting from Meyers v. State,* 112 Neb. 149, 198 N.W. 871, 872 (1924). *See also Bartek v. Glasers Provisions Co.,* 160 Neb. 794, 71 N.W.2d 466 (1955). *See generally Mattox v. United States,* 156 U.S. 237, 244–48, 15 S.Ct. 337, 340–41, 39 L.Ed. 409, 411–412 (1895).

Appellee argues that appellant was not prejudiced by permitting the impeachment foundation to follow the testimony of the impeaching witness, rather than precede it. Here the witness Langdon was recalled by appellee and was present during the testimony of Officer Teuscher. She was then called by appellee and questioned with respect to the testimony of Officer Teuscher regarding statements made by her to the officer which were inconsistent with her testimony given during appellant's case in chief. We are satisfied that no prejudice has been shown. Mrs. Langdon was given a

---

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

2. Nelson was uninsured so this action was brought by decedent's administrator against decedent's uninsured motorist carrier. The defendant in this lawsuit stood in the shoes of the driver, John Nelson.

full opportunity to explain or deny her alleged inconsistent statements. *See Hernandez v. State,* 169 Tex.Cr.R. 418, 334 S.W.2d 299, 301 (1960).

We note that Federal Rule of Evidence 613(b)[3] provides

(b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require.

We observe that the notes of the advisory committee include the following:

The traditional insistence that the attention of the witness be directed to the statement on cross-examination is relaxed in favor of simply providing the witness an opportunity to explain and the opposite party an opportunity to examine on the statement, with no specification of any particular time or sequence.

*See discussion* 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 613[02] (1975).

The trial court carefully instructed the jury that "The earlier contradictory statements are admissible, only to impeach the credibility of the witness, and not to establish the truth of these statements." We conclude no prejudice has been shown.

### The Pedestrian Walk Light

■ The evidence indicated that decedent walked west along the south side of Valley Street on the grass, there being no sidewalk along Valley at that time, until she reached Valley's intersection with 120th Street. She would then be at the southeast corner of the intersection. There was no marked crosswalk or pedestrian light for one going west and wishing to directly cross 120th Street from that point. There was a marked crosswalk from that corner north to the northeast corner of the intersection and from the northeast corner west across 120th Street to the northwest corner of the inter-

section. There was also in existence a pedestrian walk light which could be operated by pressing a button on either the northeast corner or the northwest corner of the intersection which, when operated, caused an overhead traffic light that was normally green to turn red and the pedestrian "don't walk" signal to change to "walk." The walk signals were at opposite ends of the marked crosswalk over 120th Street.

Appellant contended below that there was no duty on the part of decedent to go out of her way, travel north across Valley on a marked but uncontrolled crosswalk to utilize the marked and controlled crosswalk over 120th Street and that all testimony with reference to the pedestrian crosswalks and walk light was irrelevant and immaterial. In addition appellant requested the trial court to instruct the jury in part:

The presence of this light on the North side of the intersection did not require pedestrians on the South side of the intersection to use it. They were perfectly entitled to the use of the intersection to the same extent and with the same rights and duties as if the signal light did not exist on the other side of the intersection. Likewise, a driver traversing the intersection equipped with such a light displaying a green signal had no greater rights and the same duties with respect to other users of the intersection as if no such signal existed at all.

The only effect of such a light is to require a vehicle encountering it in a red condition to stop his automobile, and no such situation is disclosed by the evidence in this case.

You are to disregard completely the existence of the walk light as it has absolutely nothing to do with the issues in this case.

Appellant's objections to the evidence concerning the painted crosswalks and walk lights were overruled and the requested instruction set out above was refused.

In this appeal appellant limits his claim of error to the receipt of evidence concerning the pedestrian traffic light and the fail-

---

3. Enacted January 2, 1975, effective July 1, 1975. Trial herein was held in March 1975.

ure to give the instruction set out above. Appellant does not now claim error in connection with testimony concerning the marked crosswalks. We note that three aerial photographs of the intersection in question were offered in evidence by appellant, each of which clearly shows the marked crosswalks on the two sides of the intersection. Under these circumstances appellant could hardly claim error with respect to testimony being elicited about the same crosswalks.

The evidence concerning the pedestrian traffic light and its relationship to the overhead traffic light which was undisputedly green at the time in question was relevant to the issue of the negligence or lack thereof by appellee's driver in approaching and crossing the intersection.

■ Appellant's decedent, of course, was entitled to utilize the unmarked crosswalk. The trial court, among other things, instructed the jury that:

### INSTRUCTION NO. 14

\*    \*    \*    \*    \*    \*

The driver of any vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any crosswalk.

\*    \*    \*    \*    \*    \*

CROSSWALK. That portion of a roadway ordinarily included within the prolongation or connection of curb and property lines at intersections.

### INSTRUCTION NO. 15

INTERSECTION. Intersection shall mean the area embraced within the prolongation of the lateral curb lines, or if none, the lateral boundary lines of two or more streets or highways which join one another at an angle whether or not one such street or highway crosses the other.

*Allegations of Negligence*

Appellant further claims error in the giving of Instruction No. 6 which is a statement of defendant's contentions with respect to the negligence of the decedent as follows:

### INSTRUCTION NO. 6

\*    \*    \*    \*    \*    \*

1) In failing to make timely and effective observation to the north on 120th Street before starting to cross the traveled portion of said street, and in particular, before entering that portion of 120th Street which was reserved for use by southbound vehicles;

2) In failing to see the Nelson vehicle which was or should have been in full view of Mrs. Strudl for a distance in excess of five hundred feet prior to the accident;

3) In attempting to cross 120th Street at a point other than a pedestrian crossing, crosswalk, or intersection;

4) In failing to yield the right-of-way to the Nelson vehicle;

5) In suddenly moving from a place of safety into the path of an approaching moving vehicle, when Mrs. Strudl saw or could have seen the approach of this moving vehicle in close proximity to her.

■ A litigant is entitled to have the jury charged concerning his theory of the case if there is any evidence to support the claim, direct or circumstantial. There is evidence from which it could be inferred that just before decedent started to cross the street Nelson's approaching headlights were in full view approximately 500 feet from the intersection; that decedent was struck 40 to 50 feet south of the intersection, and that decedent left the crosswalk and crossed in a diagonal fashion outside the crosswalk. No useful purpose would be served by reviewing the evidence in greater detail. It is sufficient to say that upon consideration of the entire record we are satisfied that there is some evidence to warrant submission of the various allegations of negligence. Admittedly some of the allegations are duplicitous. We fail to see any prejudice to appellant. The jury was cautioned that the contentions of the parties must not be taken or considered as evidence.

*Instruction on Use of Crosswalk*

■ Finally, appellant contends that in submitting specification (3) of Instruction

No. 6 recited above, the court invited the jury "to convict the plaintiff's decedent of negligence, if the evidence established that she attempted to cross the street at a point other than a 'pedestrian crossing.'" However, appellant ignores Instruction No. 23, which was as follows:

INSTRUCTION No. 23

The mere fact that a pedestrian walks across a street between intersections is not in and of itself negligence. But one who does so is required to exercise a greater degree of care than one who walks across a street at a crossing where protection is afforded by giving the pedestrian the right-of-way. A pedestrian who attempts to cross a street between intersections must keep a constant lookout for her own safety in all directions of anticipated danger.

The court specifically cautioned the jury "You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole." We conclude the jury was properly instructed as to the law governing submissible issues.

Affirmed.