STATE OF NEBRASKA, APPELLEE, v. FRANCIS LEONARD, APPELLANT.

246 N. W. 2d 68

Filed October 13, 1976. No. 40578.

Douglas McArthur, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was found guilty by a jury on a charge of burglary of the inmate store in the Nebraska Penal and Correctional Complex. He was also charged as an habitual criminal and found guilty on that count as well. At the time of the burglary the defendant was an inmate of the correctional complex. He was sentenced to a term of 10 years in the complex with the sentence to be served concurrently with any term then being served.

On this appeal two assignments of error are made: (1) That the evidence was insufficient as a matter of law to support the finding of guilt on the burglary charge, and (2) that the court erred in not granting the motion of the defendant for a mistrial on the ground of alleged erroneous and prejudicial statements made by the prosecutor during the voir dire examination of the jury.

We have read the record carefully. No useful purpose would be served by detailing the evidence. Suffice it to say that the evidence clearly establishes that a

burglary did occur. The testimony directly supporting the defendant's part in the crime was that of an accomplice, another inmate, who admitted his part in the crime and testified for the State in exchange for a promise of a jail sentence only. The promise by the State was kept. The defendant admitted discussing plans for a burglary with the witness, but further testified that he changed his mind and did not participate because it was too risky. Testimony of other inmates supported the defendant's defense of alibi. It was for the jury to decide who was telling the truth. The evidence was legally sufficient to make a jury question. It is not the province of this court to resolve conflicts in the evidence, to determine plausibility or reasonableness of explanations, or to weigh the evidence. State v. Kelly, 193 Neb. 494, 227 N. W. 2d 848. The first assignment is not meritorious.

During the course of voir dire examination, defendant's counsel moved the court "for a mistrial on the following grounds; that during the voir dire examination, one of the County Attorneys who was conducting the voir dire examination, Rodney Rehm, asked the jury a question to the effect that whether or not they would be prejudiced if — whether or not they would be prejudiced because the defendant had stolen from the State . . . ." The prosecutor admitted he made some such statement. The motion for a mistrial was overruled. The exact language of the question put on voir dire does not appear in the record. After overruling the motion the court advised the jury of the presumption of innocence and the court stated in the record: "I feel that the jury was properly advised afterwards and particularly in view of the statement about the defendant's presumption of innocence and the fact that the jury indicated that they felt that he was presumed to be innocent."

It is, of course, improper for a prosecutor in oral argument to attempt to persuade the jury by giving an

expression of his personal opinion of the guilt of the accused other than as a deduction from the evidence. State v. Brooks, 189 Neb. 592, 204 N. W. 2d 86. It is certainly not clear from the record before us that the prosecutor was giving his personal opinion of the guilt of the accused. Rather the inference would appear to be that at the worst the prosecutor was making a somewhat ambiguous inquiry as to whether a jury bias might exist because the charge involved the taking of property of the State of Nebraska. The precise question, whatever it was, seems to have been put clearly on the premise that the defendant's guilt remained yet to be proved. The comment by the trial judge seems to make clear that the jurors understood that evidence had to be produced and that they must presume the defendant innocent. The usual instruction on this issue was later given. Under the circumstances it does not appear that the failure to grant a mistrial was erroneous. State v. Brooks, *supra*.

AFFIRMED.