STATE OF NEBRASKA, APPELLEE, V. DENNIS KORF, APPELLANT.

266 N. W. 2d 86

Filed May 24, 1978. Nos. 41829, 41830.

Paul E. Watts, Gerald E. Moran, Robert C. Sigler, and Julianne M. Dunn, for appellant.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, and Richard J. Jones, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant was charged in the Omaha municipal court in separate complaints with trespassing and prowling or loitering. He was convicted and sentenced to 45 days imprisonment in the Douglas County jail on each count, the sentences to run concurrently. Upon appeal to the District Court the convictions were affirmed but the sentence on the trespassing charge was reduced to 30 days imprisonment and the sentence on the loitering charge was reduced to 10 days imprisonment. The defendant has now appealed to this court where the cases were consolidated for briefing and argument. The assignments of error relate to the sufficiency of the evidence to support the judgments.

The record shows that Pam Hawkins left her place of employment in downtown Omaha at about 1:45 a.m., on April 14, 1977. While she was driving home she noticed that she was being followed by a driver in a Pontiac station wagon. The station wagon followed her from about Farnam Street and the Interstate to a residence at 621 Beverly Drive which was the home of her boyfriend, Bernard McCoy. She entered the house, awakened Bernard, and then called the police. Together they watched the defendant walk around the house; look in the windows; drive his car into the driveway; enter the garage; and then drive away. They followed the defendant to get his license number and were following the defendant when he was apprehended by the police.

Bernard McCoy testified that the property at 621

Beverly Drive was owned by his mother and that neither he nor anyone, to his knowledge, had given the defendant permission to enter the garage. This evidence was sufficient to make a prima facie case that the defendant was not "invited, licensed or privileged" to be upon the property. Nonconsent may be proved by direct testimony or circumstantial evidence. See State v. Simons, 187 Neb. 761, 193 N. W. 2d 756.

The complaint on the loitering charge alleged that the defendant "did unlawfully loiter or prowl in a place, at a time or in a manner not usual for law abiding individuals under circumstances that warranted alarm for the safety of persons or property in the vicinity." The evidence which has been summarized was clearly sufficient to sustain a finding of guilty of this charge.

The defendant contends that the State failed to prove compliance with other sections of the ordinance which require a police officer, prior to making an arrest for loitering or prowling, to request the person suspected to identify himself and explain his presence and conduct. The sections referred to are set out in the defendant's brief but do not appear any place in the record.

As a general rule, this court will not take judicial notice of a municipal ordinance which does not appear in the record on appeal. State v. Sator, 194 Neb. 120, 230 N. W. 2d 224; 5 Am. Jur. 2d, Appeal and Error, § 741, p. 186. Although the existence of a valid ordinance creating the offense charged will be presumed if the ordinance is not properly set forth in the record, we will not take judicial notice of other provisions of the ordinance unless it is apparent from the record that the District Court took notice of such provisions.

A requirement that an officer, prior to making an arrest, give a suspected person an opportunity to dispel the alarm does not establish an additional ele-

ment of the offense but is defensive in nature. It may prevent a conviction if the police do not comply with the requirement or if it appears at the trial that the explanation given, if believed by the officers at the time, would have dispelled the alarm.

Such a requirement is not applicable if flight by the person, or other circumstances, makes it impracticable. In this case the defendant left the property before he was apprehended. Under such circumstances the requirement is not applicable.

The evidence was sufficient to sustain findings of guilty and the judgments are affirmed.

AFFIRMED.