STATE OF NEBRASKA, APPELLEE, v. SHERMAN WILLIAMS, APPELLANT.

279 N. W. 2d 847

Filed June 5, 1979. No. 42299.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Gary P. Bucchino, Omaha City Prosecutor, Robert Spagnola, and Richard M. Jones, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant was charged in the municipal court of the city of Omaha with violation of section 25.61.010 of the city code in that, on May 29, 1978, at or near 1802 Farnam Street in the city of Omaha, he "did unlawfully loiter or prowl in a place, at a time or in a manner not usual for law abiding individuals under circumstances that warranted alarm for the safety of persons or property in the vicinity." The ordinance here involved is apparently the loitering ordinance which was the basis of one of the charges in State v. Korf, 201 Neb. 64, 266 N. W. 2d 86. Defendant was found guilty in the municipal court and sentenced to a term of 30 days in jail. He appealed to the District Court where the judgment was affirmed.

On appeal to this court he makes the following assignments of error: (1) The court erred in admitting hearsay evidence. (2) The evidence was insufficient to support the conviction.

The evidence shows that, on May 29, 1978, at about 5:30 a.m., Omaha police officers responded to a call from the ticket agent at the bus terminal located at the address described in the charge. The officers were advised by the ticket agent that a man had entered the women's restroom in the station and at-

tempted to enter a stall occupied by a female patron. The court overruled an objection to the testimony of the officer as to what the complaint of the agent was. The trial court's ruling on the objection indicated that it regarded the testimony as merely foundational for the apparent purpose of showing why the officer went to the bus depot on that particular occasion. The evidence further showed the agent gave the officers a description of the individual involved and also told them that when he last saw the man he was climbing the staircase toward the restrooms. The officers then went to the ladies' restroom. One of them knocked and shouted and, receiving no response, entered the restroom. The officer found the defendant in one of the stalls. The defendant was asked to identify himself which he did by producing a social security card. He was then asked to explain his presence in the ladies' restroom. He answered he had entered the restroom to sleep, believing he would not be disturbed.

At trial the defendant took the stand in his own behalf and explained his presence in the depot at the time of the alleged offense by saying he had received a telephone call from an acquaintance asking that he come to the station to "see them off." He further stated that when he got to the station the person, whose last name he did not know and whose first name was Robinson, was not there. The defendant accounted for his presence in the women's restroom by explaining he had diarrhea, the men's restroom stalls were all occupied, and he entered the women's room out of necessity. He stated he did not make that explanation to the officers at the time he was found because he was embarrassed at having been found in the ladies' restroom. He had been at the bus depot for about 2 hours and knew that at that time no buses were running.

During the direct examination of the officer, the prosecutor, referring to the time immediately after

the defendant had been found and arrested, asked: "What happened next?" to which the officer responded: "We took the party downstairs and had the ticket agent verify that this was the party that he had seen and had been asked to leave by the off duty officer earlier in the morning. As we were taking the party outside after being placed under arrest, we were approached by a female who lives in Cleveland, Ohio, if I'm not mistaken, and she stated that the party had tried to enter the stall while she was . . ." At that point objection was made by counsel and the objection was sustained.

The statements of what the ticket agent told the officers were hearsay as were the statements of what the officer was told by the lady from Cleveland. Objection to the latter's statement was sustained by the court and, since trial was to the judge without a jury, it will be presumed the court disregarded that evidence.

Section 27-802, R. R. S. 1943, provides: "Hearsay is not admissible except as provided by these rules or by other rules adopted by the statutes of the State of Nebraska." The hearsay statement of the ticket agent did not come within any of the exceptions described in the pertinent sections of the statute, to wit, sections 27-803 and 27-804, R. R. S. 1943. The question, therefore, is whether the erroneous admission of the evidence was prejudicial. We find it was not for these reasons: (1) The undisputed fact is that the defendant was found in the women's restroom and admitted it. (2) The fact that the hearsay statement tended to establish the defendant had done the same thing earlier could have had no significant bearing on the court's finding, especially in the light of the defendant's contradictory explanation of his activities. It was for the judge as the trier of fact to determine the credibility of the defendant's explanations. He obviously did not believe them.

The defendant's claim that the evidence is insuffi-

cient to support the charge really argues credibility. Defendant points to these factors in the evidence. The bus station is a public place; it appears not to have been crowded; there is no evidence there were any females in the station at the time; and the defendant's explanation of his presence in the women's restroom is not unreasonable, as there was no evidence to contradict his statement that the men's restroom was fully occupied. He concludes, therefore, there was no evidence the defendant was causing alarm for the safety of persons or that he was in a place not usual for law-abiding citizens.

Questions of credibility, as we have noted, are for the trier of fact and not for this court on appeal. There is no requirement in the ordinance that any person be actually alarmed by the conduct, only that the circumstances, to wit, time, place, or manner of the loitering or prowling, are not usual for law-abiding individuals and warrants alarm for safety. The presence of a male in the public female restroom where women are likely to enter at any time is, in the absence of a credible explanation, sufficient to warrant alarm.

The finding of the trial court is supported by the evidence.

AFFIRMED.