STATE OF NEBRASKA, APPELLEE, V. JOHNNY JOHNSON, APPELLANT.

204 N. W. 2d 558

Filed March 2, 1973. No. 38635.

Frank B. Morrison, Sr., Bennett G. Hornstein, and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted of second degree murder. The only assignment of error deals with two questions asked defendant on cross-examination regarding whether or not he had told the police about a knife he alleges was used by the victim in threatening him. We affirm the judgment of the district court.

Defendant testified that the person killed had a knife and approached defendant in an angry and threatening manner. On cross-examination he was asked: "Q. What did the Police Department say when you told them about the knife? * * * Q. Did you tell the Police when you were arrested about the knife?" Objections were promptly made and sustained to each question.

The following was included in one instruction given to the jury: "In determining any questions of fact presented in this case, you should be governed solely by the evidence introduced before you. You should not indulge in speculation, conjectures, or inferences not supported by the evidence. You should not consider any evidence which has been stricken from the record; you should not b (sic) influenced by statements of counsel not supported by evidence."

The questions asked do not in themselves indicate whether or not the defendant talked with the police about the alleged knife. They will not support an inference that defendant stood mute and consequently are not within the ruling made in State v. Brown, 185 Neb. 389, 176 N. W. 2d 16, to the effect that it is prejudicial error and a violation of a defendant's Fifth Amendment privi-

lege to use the fact that he stood mute or claimed his privilege. The court not only sustained objections to the questions but also cautioned the jury not to indulge in speculation, conjecture, or inferences not supported by the evidence.

There was no prejudicial error and the judgment of the district court is affirmed.

AFFIRMED.