STATE OF NEBRASKA, APPELLEE, V. ROBERT EUGENE WHITED,
APPELLANT.

154 N. W. 2d 508

Filed November 24, 1967.    No. 36593.

Joseph A. Troia, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was convicted in the district court for Douglas County of the crime of burglary. Defendant was sentenced and an appeal was thereafter perfected to this court.

The evidence shows that one Zielinski was serving as a night watchman for the Rosen-Novak Company at 2034 Farnam Street, Omaha, Nebraska, during the night of September 14, 1966. While he was sitting in an automobile in a showroom adjoining the office, Zielinski heard a disturbance. He then saw a man enter the office with a prying bar and begin to enter the cash register. Zielinski took a description of the man and called the

police. Two cruiser police cars approached the Rosen-Novak place of business, one from the front and the other from the rear. Patrolman Bloemer arrived at the front of the building and was told by Zielinski that the burglar was wearing a gray sweater, dark trousers, with no hat or cap. He was further described as light-complected and a kind of a "baldy fellow." Bloemer repeated the description to Patrolman Sgroi who had approached the rear of the place of business. Sgroi said he had seen such an individual so dressed as he came into the alley. He left in his police car and returned with the defendant whom Zielinski promptly identified as the burglar he had seen entering the cash register. That defendant fit the description given by Zielinski is quite evident. A pry bar was found a short distance from the rear door of the burglarized building which, when compared with the door, appeared to be the one used or similar to the one used in gaining entry. The pry bar was found along the route taken by the defendant when he was first observed by Patrolman Sgroi. The defendant denied that he entered the Rosen-Novak building. He testified that he was in the Sportsman's Bar from 7 p.m. to 11:30 p.m., at which latter time he left by the rear door. The Sportsman's Bar was three-fourths of a block east of the Rosen-Novak building, the rear doors of each leading to the same alley. Defendant testified that he was requested to leave the Sportsman's Bar. The bartender remembered the incident but had no recollection of the date on which it occurred. Defendant testified that he had been convicted of five previous felonies. The evidence was conflicting and the determination of the facts was for the jury.

"This court in a criminal action will not interfere with a verdict of guilty based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt." State v. Bundy, 181 Neb. 160, 147 N. W. 2d 500.

Defendant urges that his privilege against self-incrimination was jeopardized to his prejudice. The evidence shows that a police officer testified that he was present at the interrogation of the defendant and that the latter was informed that he did not have to say anything, that if he did talk it could be used against him later on, and that he was entitled to a lawyer and at public expense if he was indigent. The defendant did not confess or make a statement. It was contended that the testimony that constitutional warnings were given under such circumstances leaves an inference of guilt because the defendant had remained silent.

No objection was made to this evidence at any time during the trial. It is fundamental that unless timely objection be made, an objection to incompetent evidence is presumed to have been waived and may not be asserted for the first time on appeal. Combs v. Owens Motor Co., 121 Neb. 5, 235 N. W. 682; State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81.

A defendant's privilege against self-incrimination is a valuable right. It is contended that the evidence of the giving of the constitutional warnings necessary to the use of statements and confessions is evidence, when no statements or confessions were made, that constitute a violation of that right by placing the defendant in a position where he must testify to avoid any adverse inference by his failure to do so. The effect of admitting the constitutional warnings under the circumstances shown might cause the jury to infer guilt from the silence of the defendant or from his failure to give a reason for his silence although none was requested. On the other hand, the constitutional warnings are required as foundational proof for the admission of voluntary statements and confessions of a defendant. Where no statements or confessions are offered or received in evidence, the foundational requirements for such are not material and should be excluded or stricken from the evidence. Under some circumstances, such evidence may

be prejudicial to the defendant by developing an inference of guilt by the mere silence of the defendant. While it is not necessary to determine the issue here in view of the defendant's failure to object, the foundational requirements for the use of voluntary statements and confessions are not material where no such statement or confession is offered or received and, on objection or motion, they should be excluded or stricken if they are not otherwise relevant.

We find no prejudicial error in the record and the judgment of the district court is affirmed.

AFFIRMED.