STATE OF NEBRASKA, APPELLEE, v. WILLIAM BROWN, APPELLANT.

176 N. W. 2d 16

Filed March 27, 1970. No. 37432.

Margaret A. Lawse, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this post conviction proceeding subsequent to a jury conviction for robbery, the record of the original trial shows the following testimony of a police officer, elicited by the State on direct examination, reciting a post arrest conversation with the defendant:

"Q. What did you do, if anything, while you were interviewing him? A. After getting the name and address, et cetera, I advised him of his constitutional rights. *He refused to answer any question in regards to the incident without benefit of counsel.* Q. What

did you do then? MR. DAY: (defendant's attorney) At this time I ask that this answer be stricken and a mistrial be declared. * * * THE COURT: *The motion is overruled.*" (Emphasis supplied.)

The question presented is whether the admission of this statement over objection, is prejudicial error. We hold that it is, and reverse the judgment and remand the cause for a new trial on the original charge.

No statements or confessions of the defendant were offered or received in evidence. He did testify on his own behalf. In State v. Whited, 182 Neb. 282, 154 N. W. 2d 508 (1967). we said: "(W)here no statements or confessions are offered or received in evidence, the foundational requirements for such are not material and should be excluded or stricken from the evidence * * * (as) such evidence may be prejudicial to the defendant by developing an inference of guilt by the mere silence of the defendant. * * * (T)he foundational requirements for the use of voluntary statements and confessions are not material where no such statement or confession is offered or received and, *on objection or motion, they should be excluded or stricken if they are not otherwise relevant.*" (Emphasis supplied.) And subsequently in State v. Young, 183 Neb. 458, 161 N. W. 2d 503 (1968), we reaffirmed this holding. Court syllabus 2 states: "Where voluntary statements or confessions are not offered or received in evidence, the foundational requirements for such are not material and, on objection or motion, should be excluded or stricken if they are not otherwise relevant to the issues."

No statements or confessions were sought to be offered by the State. The testimony had no foundational purpose. It was properly objected to and sought to be stricken. The overruling of the motion to strike was error because of the inference of guilt from silence in violation of the Fifth Amendment as stated in State v. Whited, *supra,* and State v. Young, *supra.*

It is quite clear that the defendant cannot be penalized

for. the exercise of his Fifth Amendment privilege when he is under police custodial interrogation, and the State may not use the fact that he stood mute or claimed his privilege. Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974 (1966); Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882 (1966); Bruntz v. State, 137 Neb. 565, 290 N. W. 420 (1940).

In Hardesty v. State, 95 Neb. 839, 146 N. W. 1007 (1914), and Bruntz v. State, *supra,* the error was comment on failure to testify rather than evidence that he refused to make a statement. Nevertheless, in the Bruntz case we reversed the judgment because of prejudicial error. In both cases, either by objections or on the court's own motion, the objective statements *were stricken,* and the jury admonished to disregard them. Here the error was aggravated by the overruling of the objection and the refusal to strike, with no admonition to the jury. The error was complete and prejudicial at the time. It is argued that defendant testified in his own behalf. But in an error of constitutional dimension, we cannot be permitted to speculate that this was not done to remedy the prejudicial error already created by the court's ruling. The State, in its argument, cites People v. Norman, 252 Cal. App. 2d 381, 60 Cal. Rptr. 609, to support its position. But in that case there was *no objection* to the testimony and the testimony could have been offered as foundation for "the purpose of showing that he understood his rights when he subsequently made the statement attributed to him."

There is no showing by the State that the evidence is so conclusive and beyond a reasonable doubt to bring it within the rule of Chapman v. California, 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, 24 A. L. R. 3d 1065 (1967).

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.