STATE OF NEBRASKA, APPELLEE, v. MERRELL J. GARRETT, APPELLANT.
216 N. W. 2d 170

Filed March 7, 1974. No. 39190.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before BOSLAUGH, McCOWN, NEWTON, and CLIN-TON, JJ., and COLWELL and WARREN, District Judges.

BOSLAUGH, J.

The defendant appeals from a conviction for robbery and use of a firearm in the commission of a felony.

The record shows three men entered the Gamble Store on North 16th Street in Omaha, Nebraska, on March 3, 1973. At gunpoint, they took the money from the cash registers. The defendant was identified as one of the participants through a fingerprint and a palm print found on a parts list card in the store after the robbery. He was also identified by the manager and a clerk who were present at the time of the robbery.

The defendant testified he was employed as a furniture refinisher and was at home caring for his daughter at the time of the robbery. On cross-examination the State established the defendant and his wife together earned about $150 per week. Over objection the State was allowed to cross-examine the defendant as to his refusal to make a statement after being advised of his rights. The State was also allowed to cross-examine the defendant, over objection, concerning a statement that he was a heavy heroin addict with a hundred-dollar-a-day habit.

In rebuttal the State called a police officer who had interviewed the defendant at the police station after he was arrested. This officer testified, over objection, that after he had advised the defendant of his rights, the defendant stated he did not want to make a statement and wanted to talk to a lawyer. A lineup was then had and the defendant was booked for robbery. Over objection, this officer was further allowed to testify that after observing needle marks on both arms, he asked the defendant "how much a habit he was on a day," and the defendant answered: "About a hundred dollars a day."

The fact the defendant refused to make a statement

after being advised of his rights was inadmissible and prejudicial. This matter has been discussed at some length in three recent opinions of this court: State v. Brown, 185 Neb. 389, 176 N. W. 2d 16; State v. Young, 183 Neb. 458, 161 N. W. 2d 503; and State v. Whited, 182 Neb. 282, 154 N. W. 2d 508. Foundational evidence is not admissible unless statements are to be introduced and ordinarily should be excluded.

In State v. Whited, *supra*, foundational evidence had been received without objection. We pointed out that such evidence should be excluded or stricken from the record unless a statement or confession is offered or received in evidence. In State v. Young, *supra*, the foundational evidence was admissible because a confession was offered and received in evidence. In State v. Brown, *supra*, the State proved the defendant had refused to answer any questions in regard to the incident without counsel. A motion to strike was overruled and on appeal the judgment was reversed.

In this case the error was compounded by allowing the State to introduce the same evidence again in rebuttal. The defendant's objections, motions to strike, and motions to declare a mistrial were all overruled. The error was of constitutional dimensions and the judgment must be reversed. State v. Brown, *supra*.

The evidence in regard to the defendant's narcotic addiction might be admissible under other circumstances as proof of motive. Evidence as to motive is generally relevant where intent is an element of the crime or the proof is circumstantial in nature. See, State v. Rice, 188 Neb. 728, 199 N. W. 2d 480; Trobough v. State, 119 Neb. 128, 227 N. W. 443, 65 A. L. R. 1051. The admissibility of such evidence is usually a matter within the discretion of the trial court. However, such evidence must be received with caution where it is highly prejudicial in nature and amounts to proof of another crime.

The statement involved here resulted from a question

by a police officer to the defendant after he had refused to make any statement and had requested the assistance of counsel. There was no further explanation of his rights and no evidence of an express waiver. See State v. Moore, 189 Neb. 354, 202 N. W. 2d 740. Under the circumstances of this case the evidence was not admissible.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.