**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Evodio CORTES, Defendant-Appellant.**

**No. 78–5519.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1979.

---

Roland E. Dahlin, II, Federal Public Defender, Karen K. Brown, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, FAY and RUBIN, Circuit Judges.

FAY, Circuit Judge:

Appellant, Evodio Cortes, was charged in a one count indictment with falsely representing himself to be an agent of the Federal Bureau of Investigation (FBI) in violation of 18 U.S.C. § 912.[1]

### I.  FACTS

On March 21, 1978 appellant was stopped by Officer Thomas E. Jenkins for exceeding a 35 mile per hour speed limit. When appellant handed the officer his driver's license as requested, the officer saw in appellant's wallet what appeared to be an FBI identification card.[2] In addition, the officer noticed what appeared to be the outline of a badge beneath a flap in appellant's wallet.

---

1.  This statute reads as follows:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

2.  This identification card reads as follows:

Identification Card
ID–9751

To all Federal Agencies:
FBI—Immigration
IRS—Police Headquarters
Police Stations
& City Hall
1977
The Bearer
MR. EVODIO CORTES
Is an authorized technician for
CBS International
542 South Dearborn—427–3557

The officer testified at trial that he could clearly see the letters "FBI" on the card and he further testified that appellant stated to him that he was with the FBI. The conversation was conducted in English although the officer admitted at trial that Cortes had a very heavy Spanish accent. Appellant was given a warning citation but no summons was issued.

Soon after the incident Officer Jenkins had his police dispatcher call the FBI office to see if appellant was in fact an FBI agent. After the local FBI office could not verify that appellant was truly an agent, the officer observed appellant's car parked near the Federal Courthouse and enlisted the aid of FBI Agent Martinez to locate appellant. Agent Martinez and Officer Jenkins drove their car into the parking lot where appellant was parked and blocked appellant's car by placing their car behind it. Thereafter, appellant came out of Patterson's Office Supply Store across the street from the Federal Courthouse and spoke to the agent and the officer. It is unclear from the record whether appellant was given the full *Miranda* warnings when he was questioned in the parking lot.

At trial, the district judge did not allow appellant to present evidence of the condition of the car he was driving and of his appearance at the time he was alleged to be impersonating an FBI agent.

Appellant was found guilty by a jury and was sentenced to a year in prison. His confinement was suspended and he was placed on probation for two years with supervision.

## II. RELEVANCY OF APPELLANT'S PHYSICAL APPEARANCE

The statute which appellant was charged with violating, 18 U.S.C. § 912, states two separate and distinct offenses. The first is that of assuming and pretending to be any officer or employee of the United States and acting as such. The second is demanding or obtaining any money, paper, document, or other valuable thing in such pretended character. *See United States v. Milton,* 421 F.2d 586 (10th Cir. 1970).

Officer Jenkins testified that appellant represented himself to be an FBI agent. Appellant denies this. At trial, when appellant attempted to provide evidence of his physical appearance and the condition of his vehicle at the time of the traffic stop, the trial judge prevented him from doing so. Counsel argued to the trial judge that the evidence he sought to establish regarding Cortes' appearance was relevant. The record reads as follows:

Mr. Acevedo: Your Honor, we feel it is relevant to the Defendant's case. It might not be relevant to the Government's case.

The Court: Well, I don't see any relevancy as far as the Defendant's case is concerned. There is nothing about it that seems to me to be relevant.

Mr. Acevedo: Your Honor, the gist of this case, if the Court will hear us out briefly, is that this Defendant represented himself to be a Government agent. Your Honor, I believe the circumstances surrounding the incident including how he may have dressed when he represents himself to be an agent of the Government or the FBI, he is riding in a motor vehicle, I believe all of these things are important and the jury should hear how he appeared to this officer who has said this man represented himself to be an FBI agent.

It is clear that "[a]n allegation of fraudulent intent has been recognized by this Circuit to be an essential element of the offense defined under § 912." *United States v. Pollard,* 491 F.2d 1387 (5th Cir.) *cert. denied,* 419 U.S. 851, 95 S.Ct. 92, 42 L.Ed.2d 82 (1974). Since intent to defraud is an element of the crime appellant is charged with, we believe testimony regarding his wearing apparel and testimony regarding the condition of his car was relevant and could have had a bearing on the jury's determination of guilt. The jury could certainly have determined that if someone was trying to impersonate an FBI agent he might not be dressed in work clothes and he might not be driving an old, ill-kept car.

Because this appears to have been a close case, such evidence may have made a difference to the jury. Even though the condition of appellant's car and his appearance at the time of the stop was brought out in court, the trial judge stated before the jury that this information was irrelevant. The trial judge's decision to prevent appellant from delving into this area was not harmless error. *See, e.g., Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Appellant should have had the opportunity of presenting to the jury all of the surrounding circumstances relating to his arrest which may have been important in the jury's determination of whether or not he intended to defraud the officer.

### III.  ADEQUACY OF *MIRANDA* WARNINGS

Appellant contends that he did not understand the *Miranda* warnings given to him and furthermore that these warnings were defective because the agent did not tell him that anything he said could be used against him in court. During cross-examination FBI Agent Martinez was asked whether he had given appellant full *Miranda* warnings. The cross-examination, in relevant part, proceeded as follows:

> Mr. Acevedo: None of those warnings included the warning that it would be used or could be used in evidence against him, did it?
>
> Agent Martinez: That's what I said. Apparently not.
>
> Mr. Acevedo: So which is correct, did you or did you not tell him that it could be used against him at the time you gave him this warning?
>
> The Court: He has already testified and it has been re-read.

Because the trial judge did not allow further inquiry into this matter, it is not clear whether appellant received defective *Miranda* warnings. Agent Martinez had at one time during the trial said that he did give appellant full *Miranda* warnings. We cannot determine from the record whether this answer during cross-examination was a change in testimony or merely a conflict which could have been cleared up had the trial judge allowed further cross-examination.

### IV.  CONCLUSION

Finding that it was error for the trial judge not to allow evidence of the condition of appellant's vehicle or the type of clothing he was wearing, we reverse. Because the record is equivocal on the issue of whether full *Miranda* warnings were given, we leave it up to the trial judge on retrial to make a specific finding on this issue.

REVERSED And REMANDED.