MATTHEW N. RUSLING, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11029

September 10, 1980                                616 P.2d 1108

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted appellant of burglary. On appeal, appellant contends: (1) that he was denied effective assistance of counsel; (2) that the trial court erred in denying his motion to dismiss for failure of police to preserve evidence; and (3) that the trial court erred in refusing certain evidence proffered by the appellant, in admitting certain convictions to impeach appellant,

and in overruling a challenge to the district attorney's pleadings. We find no error and affirm.

Police officers responded to a silent alarm in a Las Vegas bar in the early morning hours. Appellant exited the back door toward a waiting police officer. The officer testified appellant held a hammer and screwdriver. An identification officer, satisfied that there were no fingerprints on the hammer and screwdriver, left the tools with the bar owner, who claimed them. Officers discovered the front door glass had been broken and saw pails of quarters from the bar's slot machines and pinball machines on the bar floor. Two dollar bills, marked by the bar owner as bait money and kept in the bar, were found after police arrested appellant.

At trial, appellant explained to the jury that he was in the neighborhood on an errand. Seeing the bar door broken, he entered the bar. When he heard the police cars approach, he took a hammer and broke the padlock on the back door to exit. He also testified that he had been previously convicted of burglary. On cross-examination, the prosecutor brought out that appellant had additional burglary convictions. On redirect, appellant explained that, in testifying to only one conviction, he had relied on what his trial counsel had told him, i.e., that he need not reveal the other burglary convictions. Following the trial, trial counsel admitted that he had misread the applicable statute.[1] Counsel erroneously believed that only convictions occurring within the previous ten years would be admissible.

1. Appellant claims that his trial counsel's misinterpretation of NRS 50.095 deprived appellant of effective assistance of counsel and requires reversal. *Cf.* People v. Ibarra, 386 P.2d 487 (Cal. 1963). Appellant claims that had trial counsel properly advised him, he would have exercised his right to remain silent to keep the convictions from the jury.

The presumption is that counsel has fully discharged his duties. Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974). We

---

[1]Applicable portions of the statute provide:

"50.095  Impeachment by evidence of conviction of crime.

"1.  For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime was punishable by death or imprisionment in excess of 1 year under the law under which he was convicted.

"2.  Evidence of a conviction is inadmissible under this section if a period of more than 10 years has elapsed since:

"(a) The date of the release of the witness from confinement; or

"(b) The expiration of the period of his parole, probation or sentence, whichever is the later date."

do not find strong and convincing proof to the contrary, as is required by our cases. *See e.g.* Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970). Effective counsel does not mean errorless counsel, but rather counsel whose assistance is "[w]ithin the range of competence demanded of attorneys in criminal cases." Jackson v. Warden, 91 Nev. 430, 537 P.2d 473 (1975). To this end, we have recognized that a primary requirement is that counsel conduct careful factual and legal investigations and inquiries with a view to developing matters of defense in order that he may make informed decisions on his client's behalf both at the pleading stage and at trial. *Id.* We do not believe that counsel's admitted error vitiated counsel's advice to his client to take the witness stand. It was a practical necessity. Appellant was inside the bar with the burglar alarm ringing; he attempted to evade the police rather than explain; and, he had the bar owner's bait money in his possession. After review of the record, we are satisfied that appellant had effective aid in the preparation and trial of his case. *Cf.* People v. Steger, 546 P.2d 665 (Cal. 1976) (generally, single lapse of skill on counsel's part will not result in denial of a fair trial).

2. Appellant appeals the trial court's decision to allow proof of other burglary convictions, alleging that the trial court abused its discretion in admitting those convictions. We have considered similar arguments. *See e.g.,* Yates v. State, 95 Nev. 446, 596 P.2d 239 (1979); Anderson v. State, 92 Nev. 21, 544 P.2d 1200 (1976); and Edwards v. State, 90 Nev. 255, 524 P.2d 328 (1974). Whether to admit or exclude such evidence is a determination which rests in the sound discretion of the trial court. The convictions were not too remote, and, unlike other evidence codes, the Nevada Evidence Code does not restrict the type of felony which may be used. We find no abuse of discretion.

3. Appellant also contends that the action should have been dismissed for failure of police to impound the hammer and screwdriver found at the scene. In Boggs v. State, 95 Nev. 911, 604 P.2d 107 (1979), we held that the defendant must show that it could be reasonably anticipated that the evidence sought would be exculpatory and material to appellant's defense. It is not sufficient that the showing disclose a hoped-for conclusion from examination of the evidence, nor is it sufficient for the defendant to show only that examination of such evidence would be helpful in preparing his defense. *Id.* The

appellant contends that an independent examiner might have found latent prints on the screwdriver, or might have determined that the user had worn gloves. In light of the tenuous connection that the screwdriver had to the crime, and in light of the fact that the police identification officer had found no prints, we hold that the trial court's denial of appellant's motion to dismiss was proper.

4. The trial court excluded testimony from appellant's college dean, and from his wife, offered to show he had ample resources and therefore no motivation to commit the crime. We decline, however, to require that every trial must include an inquiry into the defendant's affluence, and into the arguable consequences of the defendant's financial condition upon his or her criminal propensities. Assuming the proffered evidence to have been relevant, we think the trial court could properly determine its value to be substantially outweighed by the danger of confusion of issues, NRS 48.035(1), and by considerations of undue delay or waste of time, NRS 48.035(2). We find no abuse of discretion.

Other contentions of error are without merit.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.