Robert TAGEANT, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 83–99.

Supreme Court of Wyoming.

Dec. 15, 1983.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Mark K. Workman (argued), Student Intern, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris (argued), Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellant was convicted of three separate counts of receiving or concealing stolen property in violation of § 6–7–304, W.S.

1977.[1] Judgment and sentence of not less than five nor more than ten years upon each count was entered, the sentences to run concurrently and be served in the Wyoming State Penitentiary. Appeal is from this judgment and sentence.

We will affirm.

The issues presented for consideration, as stated by appellant, are as follows:

"I. Whether the evidence was insufficient to support appellant's conviction's [sic] of receiving stolen property.

"II. Whether under the facts and circumstances of this case the inference of guilty knowledge from the fact of recent possession is unconstitutional for violating appellant's due process rights under the Fourteenth Amendment of the United States Constitution."

## FACTS

Appellant was charged with three separate incidents of receiving stolen property (oil field drill bits), knowing the same to have been stolen.

FIRST INCIDENT. Appellant stopped at the AMOCO warehouse at Midwest in Natrona County, Wyoming approximately a week prior to this theft inquiring whether they had any drill bits for sale. He may have examined the drill bits on hand. On April 22, 1981, approximately twenty-five drill bits were stolen from this warehouse. On April 23, 1981, appellant offered some drill bits for sale to Wyoming Bit Company, leaving the bits with them for their examination. A law enforcement officer inspected these bits and determined from serial numbers that six of them were among those stolen from the AMOCO warehouse on April 22, 1981.

SECOND INCIDENT. Terra Resources had a number of used bits for sale upon bid. Approximately five days prior to the theft, appellant stopped at the Terra Resources warehouse at Casper, Natrona County, Wyoming, and examined these bits. The warehouseman pointed out which of the drill bits were for sale and which were not for sale. Six drill bits were pointed out to appellant as being in such good condition that they would not be put up for sale. On June 30, 1981, the drill bits were stolen. On July 6, 1981, appellant sold four drill bits to Northwest Tool Company of Evansville, Wyoming. On July 7, 1981, appellant sold two drill bits to Wyoming Bit Company. These six drill bits were determined to have been stolen from Terra Resources and were those pointed out to appellant as being in such good condition that they would not be put up for sale.

THIRD INCIDENT. On July 1, 1981, appellant was notified that some drill bits at ONCOR Warehouse at Mills, Natrona County, Wyoming, were being offered for sale upon bid. That same day appellant stopped at the warehouse to examine the bits. He was driving a red pickup truck with dual rear wheels. He entered a bid to purchase the bits. He was advised that three bids were required before the bits could be sold and that they would be sold to the highest bidder. The next morning, July 2, 1981, at 9:00 a.m., an employee of ONCOR noted there had been a break-in of the warehouse and that the bits were gone. He observed tire tracks backing up to the door of the warehouse from which these drill bits were stolen. He noted that the tracks were those of a vehicle with dual rear wheels. On July 6, 1981, appellant sold three drill bits to Northwest Tool Company. On July 7, 1981, appellant sold three drill bits to Wyoming Bit Company. These drill bits were examined and determined to be among those stolen from the ONCOR warehouse on July 2, 1981.

---

1. Section 6–7–304, W.S.1977, as it appeared at the time the offense was committed, provided:
   "Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, embezzled or obtained by false pretense, knowing the same to have been stolen, embezzled or obtained by false pretense, shall, if the goods are of the value of one hundred dollars ($100.00) or upwards, suffer the punishment prescribed for grand larceny, and if the goods are worth less than one hundred dollars ($100.00), shall suffer the punishment prescribed for petit larceny."

## I

### SUFFICIENCY OF EVIDENCE

Appellant was charged in the above incidents in informations filed in three separate cases. These three cases were consolidated for trial.

■ The State had the burden of proving beyond a reasonable doubt that appellant (1) received or concealed (two counts alleged received; one count alleged concealed) (2) something of the value of $100 or upwards (3) knowing the same to have been stolen. Section 6–7–304, W.S.1977, supra fn. 1; *Russell v. State,* Wyo., 583 P.2d 690 (1978).

Appellant concedes in his brief and in argument that the elements of the crime required to be proven, as set forth in paragraphs (1) and (2) above, were established by the State. That also clearly appears from the uncontroverted testimony and evidence in the record from the trial. In each instance the drill bits, positively identified by serial number, were stolen. Appellant possessed them; and, in each case, there was undisputed testimony they were of a value of more than one hundred dollars. Appellant denied that he knew they were stolen at the time that they were received by him or concealed. Appellant did not testify, as was his right. The burden properly rested with the State to prove that appellant received or concealed the drill bits "knowing the same to have been stolen." The sufficiency of evidence to establish this element of the crime is the only issue we need deal with in this appeal.

■ Whether an accused possessed knowledge that property, at the time it was received or concealed, was stolen property cannot often be proven by direct evidence, for it involves what is known or in the mind of another. Thus, we have stated,

" * * * proof of guilty knowledge, like proof of intent, is rarely capable of establishment by direct evidence, [and, therefore] circumstantial evidence—independent facts from which an inference of the ultimate fact to be established may rationally be drawn in light of common experience—most often is the only manner of proof available. * * * " *Russell v. State,* supra, 583 P.2d at 700.

■ Guilty knowledge may be established by direct evidence, circumstantial evidence, or by both types of evidence. No distinction is made between direct and circumstantial evidence. The weight to be given such evidence, together with reasonable inferences to be drawn therefrom, is for the jury, as is the question of the existence of guilty knowledge on the part of the accused. *Murray v. State,* Wyo., 671 P.2d 320 (1983); *McCarty v. State,* Wyo., 616 P.2d 782, 786 (1980); *People v. Vann,* 12 Cal.3d 220, 115 Cal.Rptr. 352, 524 P.2d 824 (1974). It is generally held that unexplained possession of recently stolen property is a strong circumstance suggesting guilty knowledge of the possessor. Some courts seem to hold that such possession alone, in and of itself, creates an inference of guilty knowledge from which a jury can find that the possessor knew the property was stolen at the time it was received by him. The great majority of courts hold, however, that proof of mere naked possession of recently stolen property not aided by other proof that the accused received it with knowledge that it was stolen, is insufficient to show guilty knowledge. We have aligned ourselves with the majority, holding that although naked possession of stolen property alone is a dominant, powerful, near conclusive circumstance, yet it is not enough by itself to give rise to an inference that the possessor held the requisite guilty knowledge. *Russell v. State,* supra. There must be some other evidence of circumstances surrounding possession of stolen property of sufficient weight and credibility from which, when considered with the fact of unexplained possession of recently stolen property, a reasonable juror could find beyond a reasonable doubt that the accused knew the property was stolen at the time it was received or concealed by him. *State v. Tollett,* 71 Wash.2d 806, 431 P.2d 168, 172 (1967), cert. denied 392 U.S. 914, 88 S.Ct.

2076, 20 L.Ed.2d 1373 (1968); *Wertheimer v. State,* 201 Ind. 572, 169 N.E. 40, 44 (1929).

The question of guilty knowledge is one of fact to be determined by the jury. *Dobson v. State,* 239 Ind. 673, 158 N.E.2d 455 (1959). If there is substantial evidence from which a reasonable jury could find guilty knowledge beyond a reasonable doubt, that is sufficient and a reviewing court will not interfere with the jury's determination. Some examples of surrounding circumstances which, when coupled with unexplained recent possession of stolen property, have been held corroborative of and sufficient to support a finding of guilty knowledge, are: (a) attempts to dispose of the property at an amount considerably below its fair value; (b) an unusual manner of acquisition or dealing with the property; (c) knowledge of the accused beforehand of the location, nature, or value of the property later stolen; (d) prior possession of other stolen property by the accused; (e) the relative length of time between the theft and fact of possession; (f) admissions or contradictory or evasive statements by the accused; and (g) other incriminating evidence and circumstances surrounding the entire incident. *Russell v. State,* supra; *Hutton v. State,* Fla.App., 332 So.2d 686 (1976); *State v. Graham,* Fla., 238 So.2d 618 (1970); *Jordan v. State,* 219 Md. 36, 148 A.2d 292, cert. denied 361 U.S. 849, 80 S.Ct. 105, 4 L.Ed.2d 87 (1959); *Witters v. United States,* 70 App. D.C. 316, 106 F.2d 837 (U.S.App.D.C.1939).

The jury in this case found that appellant knew the drill bits had been stolen at the time he received or concealed them. The evidence most favorable to the State which the jury was entitled to consider, consisted first of the uncontroverted fact that appellant was in the possession of recently stolen property. Although appellant did not testify or present other evidence in his own case, his counsel, by way of cross-examination, succeeded in suggesting to the jury that appellant was a broker in drill bits and might lawfully have come into possession of these drill bits through his business of buying and selling them. The evidence was not decisive, nor was it clear. In all events, the jury, in resolving conflicts and determining facts, was entitled to weigh that evidence with all of the other evidence in the case. The evidence, when viewed in totality, was reasonably subject to an interpretation different from that contended by appellant.

From April 22, 1981 through July 7, 1981, appellant, on three separate occasions, was in possession of stolen drill bits. Appellant came into possession of the AMOCO drill bits approximately a week after he had stopped at their warehouse inquiring about them. One day after they were stolen he was attempting to sell them to the Wyoming Bit Company. On June 24, 1981, appellant examined the Terra Resources bits which were to be put up for sale on bid. When the warehouseman pointed out the bits that were to be sold, appellant was dissatisfied and suggested that they were mostly junk. Appellant inquired about six other drill bits, not in the group to be sold, and was advised that Terra Resources intended to keep and reuse these bits. On the morning of June 30, 1981, only the six drill bits pointed out to appellant as not for sale were stolen; and, on July 6 and 7, appellant was attempting to sell these stolen bits to Northwest Tool Company and Wyoming Bit Company.

On July 1, 1981, appellant contacted the ONCOR warehouse at Casper, Wyoming, concerning 17 drill bits to be sold upon bid. Appellant examined the bits and offered $1200 cash for all of them. The owner of the bits testified that six of the bits alone were worth approximately $7,000. The owner of the bits advised appellant that he could not accept his cash offer, that he would obtain other bids, and that the drill bits would be disposed of as quickly as possible. The next morning it was discovered that the more valuable bits had been stolen. It was also noted that they apparently had been taken in a truck with dual rear wheels, and the warehouseman remembered that when the appellant came to the warehouse the day before, the pickup he was driving had dual rear wheels. On July 6 and 7, 1981, appellant was in possession of

these stolen drill bits and sold them to Northwest Tool Company and Wyoming Bit Company respectively.

We have said that the standard for review on appeal is:

" * * * When a question is raised on appeal as to the sufficiency of the evidence to sustain the verdict of guilty, the standard of review is settled. In determining whether there exists substantial evidence, either direct, circumstantial, or both, in support of the verdict, we must view the evidence presented in the light most favorable to the prosecution, leaving out of consideration any evidence in conflict therewith, while drawing all reasonable inferences possible therefrom. * * * "

*Russell v. State,* supra, 583 P.2d at 700.

In this case, appellant was, on three separate occasions, in possession of recently stolen property. There was no explanation of when or how or from whom the property was received. There were no records or testimony concerning purchase of the bits or payment for them. Although we agree that appellant has no obligation to produce any evidence at the trial, yet he must recognize the long-established rule that *unexplained* possession of recently stolen property is a factor the jury may consider in reaching its determination. It is not decisive. The jury might have ruled in appellant's favor. On the other hand, the jury could, considering this circumstance with all of the other circumstances, decide against him, as they did here. He takes that chance in deciding upon the best way to conduct his defense.

Other circumstances corroborating guilty knowledge in this case were: (1) the fact of appellant's knowledge beforehand of the location, nature and value of the property later stolen; (2) the relatively short length of time between appellant's knowledge of the property and its theft; and (3) as to each subsequent count, prior possession of other stolen property by appellant. Applying our standard of review to this evidence, it is abundantly clear that there was considerable, substantial evidence from which the jury could find that the defendant knew in each instance, at the time the drill bits were received or concealed, that they had been stolen.

## II

### INFERENCE OF GUILTY KNOWLEDGE UNCONSTITUTIONAL

Numerous cases have considered the constitutionality of a rule of law that provides that a prima facie case may be made upon proof of unexplained possession of recently stolen property together with corroborating surrounding circumstances. Appellant contends that such rule of law is unconstitutional under the facts and circumstances of this particular case because the jury was permitted to infer one element of the crime (appellant's guilty knowledge) from the fact of appellant's possession alone.

First, we note that ordinarily the constitutional attack is based upon the court's having instructed the jury that it might *infer or presume* guilty knowledge from the fact of unexplained possession of recently stolen property. In this case, no such instruction was given the jury. When such instruction is given, it is often contended that under the particular facts and circumstances of a given case, it is violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Since the jury was not told, as a matter of law, that they might infer or presume an element of the crime, the constitutional issue claimed by appellant is not here presented.

The jury simply found upon a totality of the evidence before them, that the appellant knew at the time he received or concealed the stolen goods that they were in fact stolen. They were not told in this case that they might infer guilty knowledge upon proof of certain facts and circumstances. Had such an instruction been given, we would have been inclined to approve it; but that is not before us here. The jury did consider all of the evidence before it, both direct and circumstantial, and resolved the issue as they were entitled to do. Our

review of this appeal tells us that the verdict is amply supported by the evidence. It is therefor,

Affirmed.