**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Richard Louis SMITH, Defendant and Appellant.**

No. 19103.

Supreme Court of Utah.

Nov. 19, 1986.

Manny Garcia, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Robert Parrish, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

STEWART, Associate Chief Justice:

Richard Louis Smith was convicted of theft by deception and theft by receiving stolen property. On this appeal, he claims that the trial court erred in excluding his testimony which was intended to show that he had a strong motivation to avoid imprisonment and would not therefore have knowingly or intentionally committed the crimes charged.

On the night of June 6, 1982, Steven Page's home was burglarized. Among the various items taken were two .300 Magnum rifles. At about noon on June 7, 1982, Smith pawned one of these rifles at the Pawnee Loans pawn shop and the other at the Sportsman's discount store. Smith, who was on parole from the Utah State Prison, gave his true name and address, exhibited his prison identification card, and was fingerprinted at each location. He also signed the required documentation, representing ownership of and good title to the rifles. At the Sportsman's discount shop, he verbally affirmed to a store employee that he owned the rifle.

The police arrested Smith after it was discovered that the rifles had been stolen.

When questioned by the police, he made a statement to the effect, "You have got me on the possession of stolen property, but I didn't do the burglary."

At trial, Smith testified that he received the two rifles from his nephew, but did not know or believe they were stolen. He further testified that his nephew, Ronald Peterson, asked him to pawn the rifles because Peterson, also a Utah State Prison parolee, did not want to have problems with his own parole officer.

Smith asserts that when he pawned the rifles, he honestly believed it was legal to do so because he did not know that the rifles were stolen. To support that assertion, Smith sought to testify that a return to prison would have an especially severe effect on his health because he suffered from emphysema and tuberculosis. He also sought to testify that he believed that his parole officer had legal authority to revoke his parole if the officer even suspected that Smith was violating the conditions of his parole. The trial judge excluded the evidence as irrelevant. The point of Smith's proffered testimony was that he would not have knowingly done an illegal act in such an open manner because he was afraid of returning to prison. The defendant argues that his failure to hide his identity when pawning the rifles substantiated his claim of lack of knowledge.

Rule 1(2) of the Utah Rules of Evidence in effect at the time of the trial defined relevant evidence as "evidence having any tendency in reason to prove or disprove the existence of any material fact." The tendency need not be particularly strong. As Professor McCormick has stated, "A brick is not a wall." D. McCormick, *Evidence* § 185, at 543 (3rd ed. 1984). *See United States v. Greschner*, 647 F.2d 740, 741 (7th Cir.1981) (same analysis under Federal Rule of Evidence 401). "[B]asic rules of evidence pertaining to materiality and relevance require that a defendant have the right to adduce evidence which would tend to disprove a specific intent." *State v. Sessions*, 645 P.2d 643, 645 (Utah 1982).

*See also State v. Miller,* 677 P.2d 1129, 1131 (Utah 1984).

 Proof of guilty knowledge, like proof of intent, is usually circumstantial, *Tageant v. State,* 673 P.2d 651, 654 (Wyo. 1983), and a defendant should be allowed to introduce evidence which is circumstantially inconsistent with the state of mind required for conviction. *United States v. Cortes,* 600 F.2d 1054, 1056–57 (5th Cir. 1979).[1] Evidence of motive is generally relevant circumstantial evidence of state of mind. *State v. Garrett,* 191 Neb. 439, 441, 216 N.W.2d 170, 172 (1974). A defendant's lack of a motive to commit the crime charged is also relevant evidence of innocence which he or she is entitled to place before the jury. *People v. Cotto,* 28 A.D.2d 1116, 285 N.Y.S.2d 247, 249 (1967). Although a judge has discretion in ruling on relevancy, that discretion should be exercised with considerable liberality when the issue is motive because a wide latitude of evidence is relevant and hence admissible to prove motive. *State v. Hamm,* 89 S.D. 507, 520, 234 N.W.2d 60, 67–68 (1975). That the persuasiveness of the evidence may be weak or inconclusive goes to its weight, not its admissibility. *Frye v. State,* 606 P.2d 599, 604 (Okla.Crim.App. 1980). In *Commonwealth v. Ellison,* 376 Mass. 1, 379 N.E.2d 560 (1978), the court held that testimony of the defendant's father that he told her he would give her money in reasonable amounts if she needed it, although perhaps not of great value in the defendant's murder-robbery trial, should have been permitted as tending to show that the defendant had no motive for robbery. *Id.* at 27 n. 17, 379 N.E.2d at 573–74 n. 17. *Accord* 2 J. Wigmore, *Evidence* § 392 (Chadbourn Rev.1979).[2] These principles lead us to conclude that the trial court erred in excluding the evidence as to Smith's physical condition.

 That conclusion raises the next question, whether the error was prejudicial or harmless. We hold that, on the facts of this case, the exclusion of Smith's testimony was not reversible error. Most lawbreakers have a strong motive to avoid incarceration. The inference that Smith would not have knowingly pawned stolen rifles because he had a special reason for avoiding reincarceration has some probative value. However, in dealing with whether error is harmless, we face the difficult problem of trying to place ourselves in the stead of the jurors at trial. With that frame of mind, we will reverse only if it appears that there is a reasonable likelihood that the absence of the error may have provided a different result. *State v. Banner,* 717 P.2d 1325, 1335 (Utah 1986); Utah R.Evid. 5.

That is not the case here. In this case, there was a direct admission of guilt by Smith. He stated to the police that "you have got me on the possession of stolen property." Ron Peterson testified in substance that Smith not only knew the guns were stolen, but in fact personally stole the guns. Peterson was, however, impeached by a prior inconsistent statement which exculpated Smith and by the contradictory testimony of another ex-convict, who was a co-conspirator in the burglary. Although Peterson's testimony was of questionable veracity, Smith, when he testified at trial never denied the thoroughly incriminatory statement he made to the police when he was arrested. In assessing the evidence, we cannot conclude that admission of the evidence excluded by the trial court would have made it reasonably likely that the jury would have reached a different result. The

---

1. In *Cortes,* the court held that the defendant was entitled to introduce evidence that at the time of his alleged attempt to impersonate an FBI officer, he was wearing shabby clothes and driving a beat-up car, because those facts were arguably inconsistent with the probable conduct of one intentionally attempting to impersonate an FBI officer. *United States v. Cortes,* 600 F.2d at 1056–57.

2. *But see Rusling v. State,* 96 Nev. 755, 616 P.2d 1108 (1980), where the court held that even if evidence that the defendant had money was relevant to show a lack of motive for burglary, it was excludable to prevent confusion of the issues at trial. *Id.* at 759, 616 P.2d at 1110. *See* Utah R.Evid. 403.

persuasiveness of the excluded evidence was too weak, compared with the incriminatory evidence, to constitute prejudicial error.

■ The trial court's exclusion of Smith's testimony that he erroneously believed that his parole officer had extremely broad power to revoke his parole was also harmless. The trial judge instructed the jury that Smith's parole could be revoked if he knowingly dealt with stolen property. Thus, the jury was aware that the provisions of Smith's parole provided him with extra incentive not to break the law. Moreover, Smith admitted that he had a drinking problem and that he had violated the parole conditions related to his drinking problem. Thus, his direct testimony partially contradicted the excluded testimony.

Affirmed.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

DURHAM, Justice (dissenting):

The majority correctly concludes that it was error to preclude defendant from testifying about a matter relevant to his defense. Unlike the majority, however, I believe that the testimony was critical. The trial transcript reveals that this was a close case. The State's witnesses gave confused and conflicting testimony about defendant's involvement, and evidence regarding motive was noticeably absent. The excluded testimony was strongly corroborative of defendant's explanation of events. I cannot agree that on such facts it is likely that a conviction would have resulted absent the erroneous exclusion of exculpatory evidence. I would reverse and remand for a new trial.