**STATE of Utah, Plaintiff and Appellee,**

v.

**Rickard LINDGREN, Defendant and Appellant.**

**No. 950271–CA.**

Court of Appeals of Utah.

Jan. 25, 1996.

Fourth District, Utah County; Lynn W. Davis, Judge.

Edward K. Brass (argued), Salt Lake City, for Appellant.

James Beadles (argued), Asst. Atty. Gen., and Jan Graham, Atty. Gen., Salt Lake City, for Appellee.

Before ORME, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

▇ Defendant Rickard Lindgren appeals from a *Sery* plea resulting in his conviction for aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1995). We reverse and remand.

## FACTS

Defendant was charged with aggravated sexual abuse of a child. The amended information alleged that from 1988 to 1990 defendant had committed more than five acts of sexual abuse as defined by section 76–5–404.1 of the Utah Code on his teenage daughter. *See* Utah Code Ann. § 76–5–404.1 (1995).[1]

---

1. Section 76–5–404.1 provides

(1) A person commits sexual abuse of a child if, ... the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child younger than 14 years of age, ... with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person....

    ....

(3) A person commits aggravated sexual abuse of a child when in conjunction with the offense described in Subsection (1) ...
(g) The accused committed, in Utah or elsewhere, more than five separate acts, which if committed in Utah would constitute an offense described in this chapter, and were committed at the same time, or during the same course of conduct, or before or after the instant offense....

The incidents leading to defendant's *Sery* plea conviction included over fifty instances between the time the victim was nine or ten years old until she was either thirteen or fourteen in which defendant performed "breast checks" to ensure the victim was developing properly. Additionally, when the victim was in the seventh grade she brought home a permission slip for her parents to sign, granting her permission to receive AIDS and sex-education information at school. The victim testified that when she presented the slip to defendant, he asked her "if [she] hadn't learned enough from him already" and that he "then proceeded to draw a picture of the female anatomy and asked [her] to take off her pants, so he could show her 'where the penis would be inserted' and 'where the little sperm and stuff would go.'" Finally, the victim testified defendant taught her to masturbate by placing a lubricated vibrator in or around her vagina. The masturbation and permission slip incidents form the basis of the charged crime of sexual abuse and the "breast checks" provide the aggravating circumstances supporting the aggravated sexual abuse charge.

Defendant admitted committing the acts, but denied he possessed the specific intent required by the statute. Namely, defendant denied that he committed any acts with the "intent to cause substantial emotional or bodily pain" or with "the intent to arouse or gratify the sexual desire of any person." *See id.* § 76–5–104.1(1).

Prior to trial, defendant filed a motion for a bifurcated trial. He requested that in the first trial, the jury only be informed that defendant was charged with sexual abuse of a child, based upon the permission slip and masturbation incidents. If the jury found defendant guilty of that charge, defendant requested that a separate trial, with the same jury, be held to determine if defendant likewise committed the aggravating circumstances, based upon the breast check incidents. The trial court granted the motion.

The day of trial, the State filed a motion in limine, requesting the trial court exclude testimony from defendant and his sisters as to certain conduct they witnessed or suffered as children. Defendant sought to offer his own testimony and that of his adult sisters that they had been touched by their parents in the same fashion when they were children, including the same type of "breast checks" on the sisters, and that they had been taught that such touching served a medicinal and educational, not a sexual, purpose. The State alleged that such evidence was not relevant to the instant case, and that even if it was relevant, the evidence was more prejudicial than probative.

The trial court granted the State's motion and excluded the testimony, concluding it was "not relevant to these proceedings."[2] Defendant thereafter entered a guilty plea as to the crime of aggravated sexual abuse of a child, conditioned upon his right to appeal the trial court's evidentiary ruling. *State v. Montoya*, 887 P.2d 857, 859 (Utah 1994) (permitting entry of conditional guilty plea while reserving review of adverse determination of any pretrial motion); *see State v. Sery*, 758 P.2d 935, 937–38 (Utah App.1988). Defendant subsequently filed an application for certificate of probable cause, alleging the trial court erred by excluding defendant's proposed testimony, which the trial court denied.

---

(4) Aggravated sexual abuse of a child is punishable as a first degree felony by imprisonment in the state prison for a term which is a minimum mandatory term of 3, 6 or 9 years and which may be for life.
Utah Code Ann. § 76–5–404.1 (1995).

**2.** Neither the State's motion in limine, nor the trial court's ruling on that motion or its subsequent denial of defendant's application for certificate of probable cause, indicate the scope of the court's ruling. The record does not clearly state whether this testimony is excluded from the first, the second, or both trials. In granting the State's motion, the court never distinguished between the two trials. However, the court's language indicates the ruling applied to both trials before the same jury. The court states "I'm going to grant the State's motion to exclude the testimony of abuse by defendant's parents to the defendant or defendant's parents to his siblings as finding that it is simply not relevant to *these proceedings*." (plural). We simply cannot determine with the case in the posture of a *Sery* plea and the limited record before us what the court intended or, more importantly, what defendant understood when he entered his guilty plea to the aggravated sexual abuse charge. Thus, for purposes of this appeal, we assume the ruling applied to both stages of the bifurcated trial.

In denying defendant's application, the trial court clarified the scope of its oral ruling granting the State's motion in limine, concluding that even if the evidence was marginally relevant, it was nonetheless inadmissible under Rule 403 of the Utah Rules of Evidence.[3] Defendant now appeals.

## ISSUE

The narrow issue in this case preserved by defendant's *Sery* guilty plea is whether defendant should have been permitted to introduce evidence of his and his sisters' childhood experiences which he claims is relevant to his lack of specific intent to commit aggravated sexual abuse of a child. Defendant contends the trial court committed reversible error by prohibiting testimony about the sexual conduct he witnessed or suffered as a child. He alleges the evidence is essential to corroborate his claim that he lacked the specific intent to commit the charged crime.

## STANDARD OF REVIEW

■ "When reviewing a trial court's ruling regarding admissibility of evidence under Rule 403, 'we will not overturn the court's determination unless it was an "abuse of discretion."'" *State v. White*, 880 P.2d 18, 20 (Utah App.1994) (quoting *State v. Hamilton*, 827 P.2d 232, 239 (Utah 1992)). The Utah Supreme Court has noted that the term "abuse of discretion" is not capable of precise definition. *State v. Pena*, 869 P.2d 932, 937 (Utah 1994). Rather, the court found "a spectrum of discretion exists ... [and] toward the broad end of the spectrum is the decision to admit or exclude evidence under Utah Rule of Evidence 403." *Id.* at 938. Accordingly, this court will only conclude the trial court abused its discretion if the ruling "was beyond the limits of reasonability."

*Hamilton*, 827 P.2d at 239–40. Moreover, even if we conclude the trial court's decision regarding admissibility was error, we will not reverse unless the error was harmful, that is, "if absent the error there is a reasonable likelihood of an outcome more favorable to the defendant." *White*, 880 P.2d at 21.

## ANALYSIS

### I. Rule 403

The trial court ultimately concluded that evidence of defendant's childhood sexual experience was "only marginally relevant" to the instant matter. We disagree certainly as to the aggravating acts, the breast checks, as we conclude the testimony was central to whether defendant engaged in the acts to arouse or gratify his or his daughter's sexual desires or because he believed such conduct served an educational or medicinal purpose based on his unique upbringing.[4]

■ A criminal defendant has the right to introduce evidence tending to disprove his or her specific intent to commit a crime. *State v. Sessions*, 645 P.2d 643, 646 (Utah 1982); *State v. Olsen*, 869 P.2d 1004, 1012 (Utah App.1994); *see also United States v. Cortes*, 600 F.2d 1054, 1056–57 (5th Cir.1977) (stating defendant should be allowed to introduce evidence inconsistent with state of mind required for conviction). The Utah Supreme Court has held that such evidence should be admitted, even if it is not particularly strong. *State v. Smith*, 728 P.2d 1014, 1015–16 (Utah 1986); *see State v. Miller*, 677 P.2d 1129, 1131 (Utah 1984) (finding expert witness should have been allowed to testify as to defendant's overactive imagination, thus permitting jury to better consider whether defendant possessed specific intent to commit charged crime).

---

**3.** On appeal, we deal with the court's ruling on the State's motion in limine under a Rule 403 analysis even though the trial court's original holding was that the evidence was not relevant. We do so at the request of the parties and to facilitate proceedings on remand.

We note for guidance on remand that we do not consider the trial court's ruling excluding the evidence as to the sexual abuse charge based upon the masturbation incident to be unreasonable. The evidence was either not relevant to this charge or so marginally relevant as to be

reasonably excluded under Rule 403. As this conduct alone would support the sexual abuse charge, we need not reach the permission slip incident.

**4.** We focus our analysis on appeal on the aggravating factors, the breast check incidents, as defendant entered his *Sery* guilty plea to aggravated sexual abuse of a child. If the evidence was improperly excluded, then we necessarily must reverse and remand.

Finally, when a defendant's case may turn on his or her ability to convince the jury that he or she lacked the specific intent to commit the charged offense, public policy demands that the defendant be given the opportunity to testify regarding such intent or lack thereof. *See, e.g., Crane v. Kentucky,* 476 U.S. 683, 689–90, 106 S.Ct. 2142, 2146–47, 90 L.Ed.2d 636 (1986); *see also State v. Harding,* 635 P.2d 33, 34 (Utah 1981).

In the instant case, defendant's childhood experiences support his claim that he did not intend to arouse or gratify the sexual desire of himself or his daughter when he performed the breast checks, but that he believed his behavior was medicinal and educational and appropriate behavior among family members. Thus, the evidence is highly relevant in that it tends to disprove an element of the charged crime; namely, defendant's specific intent.

■ Nevertheless, Rule 403 provides that although relevant, evidence *may* nonetheless *be excluded* "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Utah R.Evid. 403. Rule 403 is an "inclusionary" rule. It presumes the admission of all relevant evidence except where the evidence has "an unusual propensity to unfairly prejudice, inflame, or mislead" the jury. *State v. Dunn,* 850 P.2d 1201, 1221–22 (Utah 1993); *State v. Dibello,* 780 P.2d 1221, 1229 (Utah 1989); *State v. Lafferty,* 749 P.2d 1239, 1256 (Utah 1988).

■ Under a Rule 403 analysis, the trial court may find evidence to be unfairly prejudicial, and therefore inadmissible, "if it 'appeals to the jury's sympathies, arouses a sense of horror, provokes the instinct to punish,' or otherwise 'may cause the jury to base its decision on something other than the established propositions of the case.' " *Carter v. Hewitt,* 617 F.2d 961, 972–73 (3d Cir.1980) (citation omitted); *State v. Maurer,* 770 P.2d 981, 984 (Utah 1989). Finally, " '[i]n reaching a decision whether to exclude [evidence] on the grounds of unfair prejudice,' " the trial court may also consider " '[t]he availability of other means of proof [as] an appropriate

factor.' " *State v. Bishop,* 753 P.2d 439, 475 (Utah 1988) (quoting Fed.R.Evid. 403 advisory committee's note).

Utah courts have often considered a criminal defendant's right to present evidence tending to disprove his or her specific intent to commit a crime under a Rule 403 balancing test. The Utah Supreme Court addressed the admissibility of evidence in an aggravated sexual abuse case in which the defendant was seeking a diminished capacity instruction in light of his testimony and that of two psychiatrists regarding his intent to commit the crime. *State v. Sessions,* 645 P.2d 643, 645 (Utah 1982). In *Sessions,* unlike the instant case, the defendant was permitted to present evidence relating to his intent. In discussing this evidence, the supreme court stated:

> [T]he trier of fact should have the benefit of whatever evidence bears on the intent of a defendant when specific intent or purpose is an element of the crime. Therefore, ... basic rules of evidence pertaining to materiality and relevance require that a defendant have the right to adduce evidence which would tend to disprove the existence of a specific intent.

*Id.* at 645 (footnote omitted).

In another case, the supreme court reversed two conspiracy convictions, holding the trial court erred by excluding expert testimony regarding the defendant's mental capacity and therefore his specific intent to commit the charged crimes. *State v. Miller,* 677 P.2d 1129, 1133 (Utah 1984). Like the instant case, the testimony of the defendant's expert was the only testimony, apart from the defendant's own assertions, tending to negate an element of the crime. Relying on *Sessions,* the court found the expert testimony regarding the defendant's mental condition and overactive imagination would have allowed the jury to better consider whether he possessed the intent necessary to commit the crime and therefore reversed and remanded the case for a new trial. *Id.* at 1132–33.

Again, in *State v. Smith,* 728 P.2d 1014, 1015 (Utah 1986), the supreme court considered a case in which the trial court excluded

evidence suggesting the defendant did not possess the requisite intent to commit the crime. In *Smith*, the defendant sought to testify that he could not have committed the crime because he was on parole and that he was therefore motivated to obey the law in an effort to stay out of prison. *Id.* at 1015. The trial court excluded the testimony, concluding it was irrelevant. The supreme court noted that a "defendant should be allowed to introduce evidence which is circumstantially inconsistent with the state of mind required for conviction," and stated "[a] defendant's lack of motive to commit the crime charged is . . . relevant evidence of innocence which he or she is entitled to place before the jury." *Id.* at 1016. The court found the trial court erred by excluding this evidence, but concluded the error was harmless.

Finally, this court considered a case in which the trial court refused to permit the defendant to present certain evidence that he had been abused by his father as a child. *State v. Olsen*, 869 P.2d 1004, 1007 (Utah App.1994). In *Olsen*, the defendant wanted to show that this abuse influenced his mental state at the time of the crime. *Id.* The trial court excluded some of this testimony. However, defendant's mother had been permitted to testify as to several instances of abuse and the jury was therefore fully informed that the defendant had been abused on many occasions. *Id.* Noting the principle that a criminal defendant has a right to adduce evidence tending to disprove his or her specific intent, this court upheld the trial court's exclusion. *Id.* at 1012. We found that despite the principle favoring a defendant's right to introduce evidence negating specific intent, the defendant in *Olsen* had ample opportunity to present evidence of his father's abuse and that the excluded evidence was cumulative. *Id.*

The only issue in this case was whether defendant had the requisite intent to commit aggravated sexual abuse of a child, as he had admitted to performing the acts. Nevertheless, the trial court excluded any reference to defendant's or his sisters' childhood experiences. The trial court in its Rule 403 analysis reasoned that focusing on defendant's childhood would cause undue delay, confuse

the jury because they might be misled into believing the experience was an excuse for defendant's conduct, and divert the focus of the trial. Although the evidence might have somewhat increased the length of the trial, we cannot say its total exclusion was reasonable. Other than defendant's own bald assertions, he had no other evidence to present to the jury regarding his lack of specific intent. The evidence was clearly not cumulative. We have found no legal support for the exclusion of evidence tending to disprove specific intent unless it was cumulative. *See Smith*, 728 P.2d at 1016–17; *Miller*, 677 P.2d at 1132; *Olsen*, 869 P.2d at 1012. The trial court could have reasonably controlled the length of the trial by putting reasonable limits on the scope of defendant's and his sisters' testimony. Thus, limiting the testimony to only those incidents substantially similar to the charged offenses. Furthermore, we do not agree that the testimony would unduly divert the focus of trial or confuse the jury. The testimony was not sought to be introduced to justify defendant's behavior. Instead, defendant relied upon this evidence to convince the jury, that as a result of his unique upbringing, he believed his behavior was appropriate sex education between a parent and child and that he did not intend to arouse or gratify either party's sexual desire. The trial court could ameliorate any juror confusion by giving specific instructions explaining the limited evidentiary value of the evidence, i.e., whether defendant had the specific intent to gratify his or his daughter's sexual desire. Notwithstanding the trial court's broad grant of discretion to determine the admissibility of evidence under Rule 403, we conclude the trial court's complete exclusion of this evidence was unreasonable.

## II. Harmful Error

■ Finally, even though the trial court erred in refusing to admit the evidence in this case, we will only reverse if the error was harmful. A trial court's error is harmful "if absent the error there is a reasonable likelihood of an outcome more favorable to the defendant." *State v. Dunn*, 850 P.2d 1201, 1221 (Utah 1993); *accord State v. White*, 880 P.2d 18, 21 (Utah App.1994).

The determination of whether there is a reasonable likelihood of a more favorable outcome is based upon a review of the record. *State v. Knight,* 734 P.2d 913, 920 (Utah 1987); *State v. Fontana,* 680 P.2d 1042, 1048 (Utah 1984). This review requires the appellate court to determine from the record what evidence *would have been* before the jury absent the trial court's error. *Knight,* 734 P.2d at 920. In the instant case, however, the record does not provide the court assistance in discovering the true nature or magnitude of the prejudice to defendant. Rather, following the trial court's ruling on the State's motion in limine, defendant did not proceed to trial, but entered a conditional guilty plea. Because defendant entered a *Sery* plea, there is insufficient evidence in the record upon which this court can determine whether there is a reasonable likelihood that the jury would not have convicted defendant.[5] *Id.* at 921.

This court must therefore presume that absent the trial court's error, there is a reasonable likelihood of an outcome more favorable to defendant. Accordingly, we reverse and remand.

## CONCLUSION

We hold that evidence of the sexual conduct defendant and his siblings witnessed or experienced while growing up was relevant to disprove an element of the crime of aggravated sexual abuse of a child. Moreover, we conclude the trial court's ruling excluding it under Rule 403 was unreasonable. Finally, because there is not an adequate record before this court, we find the error harmful and therefore reverse and remand.

ORME, P.J., and JACKSON, J., concur.

---

5. The expanded version of a *Sery* plea, approved by the supreme court in *State v. Montoya,* 887 P.2d 857, 859 (Utah 1994), is problematic in a case such as this. The error of the trial court may well have been harmless but we are helpless to make this determination. Allowing a *Sery* plea on a nondispositive issue necessarily leads to a greater use of judicial resources.